4L 375
9L 283
9L 329
10L 88
11L 134

## H. GROTENKEMPER *v.* W. H. CARVER *et al.*

1. CERTIFICATE. *Defective probate. Amendment.* The correction of the certificate of privy examination of a married woman, under the Code, sec. 2082, may be made by the officer who took the examination, after he goes out of office, and the oath to the truth of the correction need only be made in open court without being entered on the minutes.

2. CHANCERY PLEADINGS AND PRACTICE. *Decree upon demurrer.* A decree upon a demurrer, if upon the merits, is as conclusive as though the facts set forth in the bill were admitted by the parties, or established by evidence, and is conclusive of everything necessarily determined thereby. But if the Court merely decides that the complainant has not stated facts sufficient to constitute a cause of action, or that the bill is liable to specific objection, such decision does not extend to any issue not before the Court on the hearing of the demurrer.

Grotenkemper *v.* Carver.

3. SAME. *Same.* Where, therefore, a bill to foreclose a mortgage of husband and wife on the wife's realty, making the mortgage an exhibit, was demurred to on the ground that the certificate of acknowledgment to the mortgage exhibited did not state that the Clerk was personally acquainted with the bargainors, or that the wife was privately examined, and the demurrer sustained as to the wife, after which the omissions in the certificate was corrected by the Clerk, and an amended and supplemental bill filed, by leave of the Court, upon the mortgage with the corrected certificate, setting out the proceedings under the previous bill, it was held that a demurrer to the latter bill was properly overruled.

FROM SHELBY.

Appeal from the Chancery Court at Memphis, R. J. MORGAN, Ch.

HENRY CRAFT for Complainant.

J. B. HEISKELL and WILSON & BEARD for Defendants.

COOPER, J., delivered the opinion of the Court.

On the 19th of July, 1872, the original bill in this cause was filed for the purpose of foreclosing a mortgage of certain land given by the defendants, W. H. Carver and Mary A., his wife, to secure the payment of notes then held by the complainant.

These defendants demurred, assigning as a cause of demurrer that the certificate of acknowledgment of the mortgage failed to state that the Clerk who took the acknowledgment was personally acquainted with the defendants, the bargainors, and further failed to show that the defendant, Mary

A., was privily examined. The Chancellor sustained the demurrer so far as the wife was concerned, and dismissed the bill as to her, and overruled the demurrer as to the husband, and required him to answer the bill. This decree was made on the 7th of February, 1873.

The mortgage deed bore date of the 20th of October, 1868, and the probate of the wife's acknowledgement was defective in the particulars stated.

On the 2nd of July, 1875—the suit still pending as to the other parties—the complainant obtained an order of Court giving him leave to file an amended and supplemental bill, which was filed accordingly against Carver and wife, and other defendants. This bill sets out the fact of filing the original bill and its contents and the proceedings thereon, including the demurrer and the action of the Court thereon. It then states, by way of supplement and amendment, that the Clerk who had taken the probate of acknowledgment of the mortgage deed, had, on June 6th, 1874, gone into the Probate Court of Shelby County, in which county he was the Clerk of the County Court at the time of taking the probate, and, at the instance of the complainant, had corrected the probate so as to show that he was personally acquainted with the bargainors, and had privily examined the wife according to law, and made oath to the truth of the correction in open court before the Probate Judge, who certified the facts.

By a subsequent amendment of this bill, made also by leave of the Court, the complainant states that the fact that the Clerk could correct the certificate came to his knowledge after the dismissal of the original bill as to Mary A. Carver, and about June 5th, 1874. The fact was stated on the face of the bill that at the time of the making of the correction of the probate, the Clerk's official term had expired, and he was no longer in office.

The defendant, Mary A. Carver, demurred to the amended and supplemental bill, assigning as causes:

1st, That the rights of the parties had been adjudged, by the decree of the 7th of February, 1873, which decree remained in full force and effect, never having been appealed from.

2nd, That the corrections were not within the statute, because made by the Clerk after his term of office had expired.

3rd, That the corrections were made after the adjudication of the rights of the parties under the mortgage.

4th, That the statute requires the corrections to be entered on the minutes of the Court.

The Chancellor overruled the demurrer, and the defendant, Mary A. Carver, was permitted to appeal.

The Code, sec. 2082, is: "If a Clerk omit any words in the certificate of a privy examina-

tion by him taken of a married woman, touching the execution of any deed or other instrument by her executed, he may, at any time, on application of either of the parties interested, correct such error, mistake or omission, making oath in open court to the truth of such correction."

This Court has held, sustaining the decision of the Commission Court of 1875 for West Tennessee, that, under this statute, the Clerk may amend his certificate after he has gone out of office: *Vaughn* v. *Carlisle*, 2 Lea, 525. Other Courts, as shown by McKissick, Commissioner, in delivering the opinion of the Commission Court, have come to the same conclusion in analogous cases, under remedial statutes, intended to furnish legal evidence of an act done while in office. He cites *Avery* v. *Bowman*, 39 N. H., 393; *Gillman* v. *Stetson*, 4 Shepley, 124; *Johnson* v. *Donnell*, 15 Ill., 97; *Morris* v. *Trustees*, 15 Ill., 266.

The right to amend under the statute was extended to a foreign Notary Public, who took the acknowledgment of a husband and wife to a mortgage executed in another State, in *Brinkley* v. *Tomeny*, 2 Leg. Rep., 163. And in this case it was also held that the correction was good, although made after the defect in the probate had been relied on in the pleadings of a pending suit. The statute only requires an oath to be made in open court to the truth of the correction. It does not direct that the oath, or any note thereof, shall be entered on the minutes of the court, and

we are not justified in interpolating so important a requirement into the act.

The only remaining cause of demurrer turns upon the effect of the decree dismissing the original bill as to the defendant, Mary A. Carver, upon her demurrer. It is earnestly and ably argued on the one side that the amended and supplemental bill only brings forward new evidence of the case made by the original bill—not a new case—and, therefore, the former decree is conclusive. On the other side, it is equally earnestly and ably argued that the amended and supplemental bill presents a new state of facts, upon which the Court did not pass, and that the decree on the demurrer is, consequently, not a bar. The learned counsel do not, upon a critical examination of their arguments, differ so much in their law as in its application to the particular facts of the case. A decree upon a demurrer, if upon the merits, is as conclusive as though the facts set forth in the bill were admitted by the parties or established by evidence.

It is conclusive of everything necessarily determined by the decree: *McNairy* v. *Nashville*, 2 Bax., 251; *Jameson* v. *McCoy*, 5 Heis., 108. If, however, the Court decides that the complainant has not stated facts sufficient to constitute a cause of action, and that the bill is otherwise liable to any specific objection urged against it upon demurrer, such decision does not extend to any issue not before the court on the hearing of the demurrer. It leaves the complainant at liberty to

present his case, so corrected in form or substance, as to be no longer vulnerable to the attack made upon it in the former suit: Freeman on Judgments, sec. 267.

The bill before us was filed ·to foreclose a mortgage, which was appended as an exhibit. The demurrer is that the certificate of acknowledgment to the mortgage, which is an exhibit to the bill, does not state that the Clerk who took the acknowledgment, was personally acquainted with either of the defendants, or that the defendant, Mary A. Carver, then a married woman, appeared before the Clerk privately from her husband, and acknowledged the deed in the form required by law.

The demurrer, it will be noted, is not to the merits that no such mortgage as the one set out in the bill was ever acknowledged by the husband and wife.

·The issue made is that the *certificate* to the mortgage exhibited does not contain the recitals necessary to make it a valid instrument as to the married woman. Nothing is put in issue except the point whether the particular certificate recited particular facts, essential to the efficacy of the conveyance to pass the land of the defendant, the married woman.

If the exhibit had been a certified copy of the mortgage, and the defect had been in the copy and not in the original, the decree sustaining the demurrer would not have been a bar to a new

bill on the original, for the issue went only to the erroneous certificate, not to the real certificate, nor to the existence of the mortgage.

The dismissal of a bill for the specific performance of a contract for the sale of land alleged to be in parol, upon a demurrer, relying on the Statute of Frauds, would be no bar to a bill on precisely the same contract alleged to be in writing.

The effect of a dismissal of a bill on demurrer turns upon the issue made, and the apparent conflict in the decisions will, in a great measure, disappear when the cases are critically examined to ascertain the exact point decided. If the demurrer is general, and the decree only a simple dismissal, the inclination of the Courts has been, in some instances, to find that it might have gone off upon a question of jurisdiction or form, and not on the merits, so as to bar a new suit: *Love* v. *Freeman*, 10 Ohio St., 48; *Nicholson* v. *Ingram*, 24 Texas, 634; *Borch* v. *Funk*, 2 Met., 544.

The decree sustaining the demurrer and dismissing the bill in the case before us, cannot go beyond the issue made by the demurrer, whatever may be its form. It would only be that the certificate to the mortgage was fatally defective in the particulars pointed out. The decision could not extend, in the language of Mr. Freeman, "to any issue not before the court on the hearing of the demurrer." The decree would be no bar to the new bill treated as an original bill presenting the same mortgage with a different certificate, for the

Grotenkemper *v.* Carver.

obvious reason that the two certificates are entirely different.

This conclusion renders it unnecessary to authoritatively decide the point, suggested by one member of the Court during the argument, that the case was probably still in court for the purpose of amendment, so far as Mary A. Carver was concerned, notwithstanding the dismissal on demurrer of the bill as to her. The law is clear that the complainant could not, as of right, appeal from that decision until the suit was disposed of as to all of the defendants: *Harrison* v. *Farnsworth*, 1 Heis., 751. Nor could he test its correctness by a writ of error: *Hume* v. *Bank*, 1 Lea, 220. When the case was finally determined, the complainant could, by appeal, vacate the decree of dismissal on the demurrer, as well as all other orders and decrees in the cause: *Morris* v. *Richardson*, 11 Hum., 389. If, pending the suit, he could not file an amended and supplemental bill, by reason of the estoppel of the decree of dismissal on demurrer, he would certainly have the right, after the technical estoppel is removed, by the vacating of that decree by appeal. And we should have the curious anomaly of a right, properly exercisable pending the litigation in the lower court, postponed until the suit has been finally carried to a higher court.

I am inclined to think that a defendant in court for the purpose of appeal after a decree of dismissal, is equally in court for purposes of amendment.

A bill partially dismissed on demurrer, is open for amendment as if no demurrer had been filed: *Emans* v. *Emans*, 1 McCarter, 114-20.

It may also be added, that if, as contended for by the learned counsel of defendant, the amended certificate was the putting into proper form the proof actually in existence at the hearing of the original bill on demurrer, and might then have been used by proper diligence, the subsequent discovery of that proof would be a good ground for a bill of review.

The amended and supplemental bill in this case has all the essentials, although not the form of a bill of review, and was filed by leave of the Court.

The defendant has made no objection by demurrer, or otherwise, to the form, or the granting of leave to file, and it is probable this Court would, as it is so often compelled to do, look to substance, not form, and decide upon the merits accordingly.

The Chancellor's decree, overruling the demurrer, will be affirmed, with costs.