Shelby Isham et ux., Plaintiffs in Error,

*v.*

City of Harriman, Defendant in Error.

447 S.W.2d 364.

(*Knoxville,* September Term, 1969.)

Opinion filed November 14, 1969.

462

GERALD LARGEN, Kingston, for plaintiffs in error.

MCDAVID & LOCKETT, Harriman, for defendant in error.

MR. JUSTICE CRESON delivered the opinion of the Court.

This is an appeal in a condemnation action from the Circuit Court of Roane County, Tennessee. That court sustained a demurrer filed by the City of Harriman, Tennessee, and dismissed the petition of Shelby Isham and wife, Diana Isham.

The parties will be referred to herein as they appeared in the trial court; that is Shelby Isham, et ux. as petitioners, and City of Harriman as respondent.

On December 10, 1968, petition was filed seeking judgment against the City of Harriman. It was alleged that the value and utility of certain real property belonging to petitioners was diminished, due to the change of grade of State Highway 61 (also known as Roane Street), in the City of Harriman, Tennessee.

Petitioners base their suit upon T.C.A. sec. 6-1012, which provides, in material part as follows:

*"Damage from change of grade or repair.*—When any owner of real estate in any municipality shall sustain any damage to his property by reason of any change made in the natural or established grade of any highway, street or alley, or by reason of the raising or lowering of such grades, or other acts done for the purpose of improving or repairing such ways, the owner shall be paid all damages therefor by such municipality, which damages may be recovered by suit brought at any time in one (1) year from the completion of or the cessation of such works, acts, or improvements; * * *".

On January 6, 1969, the respondent filed a demurrer to the petition, which the trial judge sustained. The

material portion of this demurrer which presents the pivotal question in this case, is as follows:

"The petition shows on its face that this suit is the refiling of a former suit in this court by these same plaintiffs against this defendant for the same alleged cause of action, that former suit having been styled *Shelby Isham et ux vs. Roane County et al*, No. 2752 and which the petition shows on its face was decided adverse to petitioners by a final and unappealed judgment in the Court of Appeals of Tennessee, Eastern Section. That by reference to the instant suit and that one it appears on the face of the records in both cases that the instant suit is barred by a res adjudicata in the former suit."

Petitioners' assignments of error filed here are as follows:

"1. The Court erred in sustaining the defendant's demurrer in that the prior adjudication of this matter did not go to the merits of the cause and the case could be accordingly brought again within the period of the one year saving statute.

2. The Court erred in sustaining said demurrer in that the petition states an adequate ground for relief such as sufficiently to found thereon a money judgment in favor of the plaintiffs."

It appears that on January 28, 1966, petitioners had filed suit for this same cause of action against the Commissioner of Highways of the State of Tennessee, Roane County, and the City of Harriman. Demurrers were sustained as to the Commissioner of Highways and the City of Harriman, with Roane County being required to further plead or answer. Upon trial of the cause, re-

spondent Roane County moved the Court for directed verdict, upon the ground that petitioners had failed to establish necessary title to the real property in question. This motion was sustained and the cause dismissed.

Petitioners' motion for new trial was overruled and an appeal was then prayed and perfected to the Court of Appeals, Eastern Section, as against Roane County and the City of Harriman, but not as against the Commissioner of Highways for the State of Tennessee.

On December 11, 1967, the Court of Appeals affirmed the judgment of the trial court.

The basic issue presented by this appeal is whether or not the sustaining of respondent's demurrer in the first suit was an adjudication on the merits, so as to constitute res judicata between the parties, thus a bar to the present action.

Petitioners contend that they may refile this cause of action as a matter of right, citing as authority T.C.A. sec. 20-915. That Section of our Code provides that a party against whom a judgment on demurrer is rendered may plead over as a matter of right, without waiving his privilege of assigning the judgment on demurrer as error in an appellate court, unless he has subsequently had the benefit of the subject matter of the demurrer upon the trial.

█ It is manifest that this statute refers to a party's right to plead over in the same proceeding, and has no application to subsequent refiling of the same cause of action.

█ The conclusion of this cause of action, by the entry of a final judgment by a court of competent jurisdiction,

terminates the applicability of T.C.A. sec. 20-915. See, generally, Caruthers—History of a Lawsuit, 8th Ed., sec. 203, p. 248.

Petitioners further rely on T.C.A. sec. 28-106, which permits a party to commence a new action within one year after judgment is rendered against him upon "any ground not concluding his right of action."

This statute has been held not to apply to cases where judgment of dismissal is on the merits. *Parks v. Clift* (1882) 77 Tenn. 524. A decree or judgment dismissing a suit on demurrer may be upon the merits, depending on the issue presented by the demurrer. *Grotenkemper v. Carver* (1880) 72 Tenn. 375.

Where the demurrer raises questions not going to the right of the petitioner to maintain his action, such as to a formal defect in pleading, the sustaining of such demurrer is generally recognized not to constitute judgment "on the merits". However, where the demurrer puts in issue whether or not the facts alleged are sufficient to support a cause of action against the defendant, a judgment sustaining the demurrer is on the merits. *Moore v. Chattanooga Electric Railway Co.* (1907) 119 Tenn. 710, 109 S.W. 497, 16 L.R.A.,N.S., 978; *Grotenkemper v. Carver,* supra; *Parkes v. Clift,* supra.

This Court, speaking on the subject of when a prior disposition of a case on demurrer constitutes adjudication or disposition on the merits, has said in *Moore v. Chattanooga Electric Railway Co.,* supra:

"As to the merits, the plaintiff had presented in his declaration all the facts upon which he claimed he was entitled to the recovery against the defendant for the

injuries sustained by him. The demurrer interposed by the defendant admitted these facts, and submitted to the court whether upon them the plaintiff in law was entitled to maintain his action, and it was held that he could not. The opinion of the Circuit Court of Appeals, in the former case may be looked to to ascertain the point upon which it was decided, and to determine whether the decision was upon the merits. *Fowlkes v. State,* 14 Lea, 14; *State v. Bank [of Commerce],* 96 Tenn. [591] 595, 36 S.W. 719.

In that opinion it is said: 'This action was for damages arising from personal injury resulting from alleged negligence of the defendant in locating one of its poles in too close proximity to the line of the electric railway upon which the plaintiff was employed as conductor. The action was dismissed upon demurrer to the declaration, the plaintiff having elected not to plead therein. The judgment of the court below must be affirmed. We think the demurrer was properly sustained—not for the reasons stated by the court below, but for the reasons stated in the third ground of demurrer, which is because the plaintiff's declaration shows that the proximate cause of his injury was his own negligence.'

It clearly appears from this that the former case was not dismissed for any defect in the pleadings, or other question not going to the right of the plaintiff to maintain his action, but because upon his own statement of the facts he had no cause of action against this defendant. The judgment, although upon demurrer, was upon the merits, and is sufficient to support a plea of former judgment. *Peeler v. Norris,* 4 Yerg. 331; *Welsh v. Harmon,* 8 Yerg. 103; *Thomson v. Blanchard,* 2 Lea,

528; *Hodson v. Caldwell,* 1 Lea, 50; *Murdock v. Gaskill,* 8 Baxt. 22; *Grotenkemper v. Carver,* 4 Lea, 375; *Parkes v. Clift,* 9 Lea, 524."

It is also pertinent to note that in *Parkes v. Clift,* supra, this court again embraced the rule:

"* * * the estoppel of a judgment or decree extends to all matters material to the decision of the cause which the parties, exercising reasonable diligence, might have brought forward at the time."

Thus, it is that we are of opinion that the judgment of the court below sustaining demurrer of the City of Harriman is correct; and must be affirmed. Costs of the cause are assessed against Shelby Isham, et ux.

DYER, CHIEF JUSTICE, and JENKINS and BOZEMAN, SPECIAL JUSTICES, concur.

McCANLESS, JUSTICE, not participating.