894 F.2d 407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert T. IRVIN, Plaintiff-Appellant,
v.
CITY OF CLARKSVILLE; Clarksville-Montgomery County Regional
Planning Commission, Defendants-Appellees.
 No. 89-6014.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1990.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robert T. Irvin, a pro se Tennessee resident, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 3
 Seeking compensatory and punitive damages, Irvin sued defendants alleging that they infringed his rights under the Federal Constitution when they demolished a residence, in which he had an interest, without notifying him and obtaining his consent prior to demolition. Irvin and his mother owned land and a dwelling in Clarksville, Tennessee. Early in 1978, the dwelling was damaged by fire. After the fire, Irvin and his mother applied to the Clarksville, Montgomery County Regional Planning Commission for funds to repair the dwelling. While the loan application was pending, the Commission determined that the dwelling must be improved or demolished within 120 days. In August 1978, Mrs. Irvin signed documents authorizing the demolition which occurred shortly thereafter.
 
 
 4
 Following a lengthy sojourn through the Tennessee state courts, which lasted from June 1979 to January 1989, Irvin commenced this action in the district court on February 1, 1989. After a review of the magistrate's report and Irvin's objections, the district court adopted the magistrate's recommendations and dismissed the case. Following the district court's denial of his motion for rehearing, Irvin filed a timely appeal raising the same issues which were before the district court. In addition, Irvin has filed a motion objecting to the joint appendix.
 
 
 5
 Upon review, we shall deny the motion objecting to the joint appendix and affirm the district court's judgment. The district court properly concluded that Irvin's claims were barred by the applicable statute of limitations.
 
 
 6
 For purposes of section 1983 claims, state statutes and tolling principles determine the timeliness of the claims, see Wilson v. Garcia, 471 U.S. 261, 268-69 (1985), but federal law determines when the claims accrued. See Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984).
 
 
 7
 Irvin's cause of action accrued in August 1978 at the time of the demolition of the dwelling. See Hicks v. Hines, Inc., 826 F.2d 1543, 1544 (6th Cir.1987) (accrual occurs when a greater than de minimus harm is discernible).
 
 
 8
 Further, applying the one-year limitations period of Tenn.Code Ann. Sec. 23-3-104(a) (1980) to this claim, see e.g., Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir.1986); Wright v. Tennessee, 628 F.2d 949, 951 (6th Cir.1980) (en banc), we conclude that this claim is untimely since it was filed nearly 11 years after the cause of action accrued.
 
 
 9
 In addition, neither the principles of tolling under Tennessee law nor the state's savings statute, Tenn.Code Ann. Sec. 28-1-105 (1989), prevents the statute of limitations from barring Irvin's suit. Under Tennessee law, the limitations period was not tolled during the pendency of Irvin's state litigation. See Brown v. Hipshire, 553 S.W.2d 570 (Tenn.1977). See also Hawkins v. Dawn, 208 Tenn. 544, 347 S.W.2d 480 (Tenn.1961). Further, although Tenn.Code Ann. Sec. 28-1-105 (1989) provides a plaintiff with a one-year grace period to refile an action after an adverse decision, it is inapplicable in this instance because Irvin's state litigation was decided on the merits. See Isham v. City of Harriman, 223 Tenn. 461, 466, 447 S.W.2d 364, 366 (Tenn.1969).
 
 
 10
 Accordingly, the motion objecting to the joint appendix is hereby denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.