IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 7, 2001 Session

YONA BOYD, ET AL. v. DONALD BRUCE, M.D., ET AL.

Appeal from the Circuit Court for Davidson County
No. 00C2059      Thomas W. Brothers, Judge

No. M2000-03211-COA-R3-CV - Filed November 2, 2001

This appeal arises from the third effort of the plaintiffs to obtain compensation and other employment benefits from their former employer. The same claims were first filed in Chancery Court against the doctor and his management company, and the complaint was dismissed for failure to state a claim upon which relief can be granted and failure to join an indispensable party. Thereafter, the plaintiffs filed suit in Chancery Court against the company which supplied the employee handbook and other services to the doctor. That case was dismissed on a motion for summary judgment. The plaintiffs then again filed suit against the doctor-employer in Circuit Court. The Circuit Court dismissed the case by converting the doctor-employer's motion for Rule 11 sanctions into a motion to dismiss on the basis of *res judicata*. The plaintiffs now appeal that dismissal to this court. We affirm the trial court's dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM B. CAIN, J., and FRANK G. CLEMENT, JR., SP. J., joined.

David E. Danner, Nashville, Tennessee, for the appellants, Yona Boyd and Brenda Collier.

Thomas L. Whiteside, Nashville, Tennessee, for the appellees, Donald Bruce, M.D. and D&C Property Mgmt. Corporation.

**OPINION**

Because this case is brought before us on the issue of *res judicata*, the procedural history of this and related cases is relevant and, therefore, outlined below.

Yona Boyd and Brenda Collier ("Appellants") filed suit against Donald Bruce, M.D. ("Bruce") and D&C Property Mgmt., Corp. ("D&C") (or collectively "Appellees") on August 19, 1999, in the Chancery Court for Davidson County seeking compensation based on an alleged

employer-employee relationship.[1] In their complaint, Appellants relied on an employee handbook written by Prime Focus, Inc. ("Prime Focus"), an Illinois corporation that administered Appellees' payroll and provided employee policies to Appellees, including the handbook outlining the rights and duties of employees. That case, *Yona Boyd and Brenda Collier v. Donald Bruce, M.D., D&C Property Mgmt. Corp.*, case no. 99-2350-II, will be referred to as Case 1.

On December 8, 1999, the Chancery Court ruled in Case 1 that the Prime Focus employee handbook "unequivocally establish[es] the existence of an employer-employee relationship by and between the [Appellants] and Prime Focus, Inc." and that "no employer-employee relationship existed between the [Appellants] and [Bruce] and [D&C]." Further, the court found that Bruce and D&C[2] were clients of Prime Focus and, consequently, Prime Focus was an indispensable party. Therefore, Case 1 was dismissed by the court for failure to join an indispensable party, Prime Focus, and for failure to state a claim upon which relief can be granted.

Appellants did not appeal the Chancery Court's decision, but instead, after that dismissal was final, filed suit against Prime Focus in Chancery Court. That case, *Yona Boyd and Brenda Collier v. Prime Focus, Inc.*, case no. 99-3716-II, will be referred to as Case 2.

After filing suit against Prime Focus in Case 2, Appellants filed a Motion to Set Aside the Judgment under Tenn. R. Civ. P. 60.02 in Case 1 and to Consolidate Case 1 and Case 2. The Chancery Court denied this Motion because "the [Appellants] did not file a notice of appeal from the Court Order [in Case 1] which [Appellant] now seeks to set aside." Further, the Court found that since Appellants "failed to take the necessary legal steps to protect their own interest in this matter they are precluded from relief under Tenn. R. Civ. P. 60.02." Appellants did not appeal this second order in Case 1.

In their suit against Prime Focus, Case 2, Appellants attempted to amend their complaint to add Bruce and D&C. In granting a motion for Rule 11 sanctions, the trial court struck the amended complaint which, in the words of the court, "asserted previously litigated claims." Further, in Case 2 Prime Focus filed a Motion for Summary Judgment based on the fact that Prime Focus was not Appellants' employer. The Chancery Court granted Prime Focus's motion and found that Appellants were not employed by Prime Focus. The court found that Prime Focus was an employee leasing firm, primarily for purposes of consolidating employees of small businesses for purchasing health insurance, and that "Prime Focus exercise[d] no control over the hiring, firing or compensation procedures or policies of its small business customers [such as Appellees]." Based upon the loaned servant doctrine, the court determined that Appellants "must be dealt with as the servants of the one to whom they were lent, Bruce/D&C." The Appellants appealed this decision; argument on that appeal was heard on July 10, 2001.

---

[1]The underlying facts of this case are not relevant to this appeal.

[2]The complaint alleged that D&C was owned by Dr. Bruce and that D&C was the employer of Appellants.

On October 20, 2000, Appellants then filed a Motion to Amend Order in Case 1, the second motion they filed pursuant to Tenn. R. Civ. P. 60.02 in Case1. In that motion Appellants requested that the court delete the phrase "failure to state a claim upon which relief can be granted" because it was a "conclusory misnomer." Appellants argued that the deletion of this phrase would no longer make the order an adjudication on the merits. This motion was denied on January 8, 2001, and Appellants filed a notice that stated that they "hereby appeal . . . the order . . . denying the motion to amend the court's prior order of December 8, 1999, announced in open court on November 3, 2000." That appeal is set to be heard on a later docket of this court.

Prior to filing the motion to amend the order in Case 1 in Chancery Court, Appellants filed suit against Bruce and D&C in Circuit Court for Davidson County, in Case 3. In this most recent suit, Appellants claimed that they were third-party beneficiaries of the contract between Prime Focus and Bruce and D&C and that Appellees are liable under a loaned servant doctrine. Appellants filed a Motion for Summary Judgment. In response, Appellees filed, among other things, a Motion for Sanctions pursuant to Tenn. R. Civ. P. 11.

The Circuit Court, after hearing arguments of counsel entered a final order finding that Appellees' "Motion for Rule 11 Sanctions [was] in essence a Motion to Dismiss . . . predicated on the ground that the plaintiffs' current action is barred by the doctrine of *res judicata*." The Court found that Appellants' case should be involuntarily dismissed on the basis that *res judicata* bars Appellants' action. Appellants appealed from this dismissal of Case 3, and that is the subject of the case before us.

The complaint in Case 3 recited the history of the earlier litigation in this dispute; attached to the complaint were the complaints which had been filed in Cases 1 and 2 as well as the Chancery Court's final orders. The complaint (in Case 3) states:

> A court of competent jurisdiction has ruled that (A) no employer-employee relationship existed between the parties in the instant action [citing the attached final order in Case 1], (B) the employer-employee relationship existed between Plaintiffs and Prime Focus [citing the attached final order in Case 2], (C) Prime Focus is not liable to Plaintiffs because the loaned servant doctrine made the Defendants in the instant cause liable to compensate Plaintiffs. Thus, a court of competent jurisdiction has ruled that the Defendants in the instant case are liable to compensate Plaintiffs although no employer-employee relationship existed between them [quoting and citing the final order in Case 2].

Appellants filed a Motion for Summary Judgment, and Appellees responded with a Motion for Rule 11 Sanctions, attaching the letter sent to Appellants' counsel in accordance with Tenn. R. Civ. P. 11.03(1)(a), giving counsel twenty-one days to withdraw the complaint in Case 3. The basis for the sanctions motion was that the complaint in Case 3 included no factual basis which had not

been raised in Case 1 for liability of Bruce and D&C as employers. These matters having been previously litigated, Appellees asserted Appellants' claims in Case 3 were barred by the doctrine of *res judicata.*

In response to the Rule 11 motion, Appellants asserted that such sanctions were not warranted because the order in Case 1 was not a final adjudication on the merits, but also asserted that the order in Case 2 was *res judicata* on the issue of which parties were the employers of Appellants. The response also asserted the Rule 11 motion was filed in an attempt to obtain dismissal prior to determination of Appellants' pending Motion for Summary Judgment.

The trial court determined that, contrary to Appellants' assertions, Case 1 had been dismissed for failure to state a claim upon which relief can be granted as well as failure to join an indispensable party; it was bound by the Chancery Court order explicitly stating Case 1 was dismissed for failure to state a claim; that the dismissal of Case 1 was with prejudice; and that Appellants' claims were barred by the doctrine of *res judicata* since Appellants had "previously litigated this matter."

*Res judicata* is a claim preclusion doctrine that promotes finality in litigation. *Lien v. Couch*, 993 S.W.2d 53, 55 (Tenn. Ct. App. 1998). The doctrine bars a second suit between the same parties on the same cause of action as to all issues which were or could have been litigated in the former suit. *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995); *Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987).

The principle of claim preclusion prevents parties from splitting their cause of action; it requires parties to raise in a single lawsuit all the grounds for recovery arising from a single transaction.[3] *Lien*, 993 S.W.2d at 56. Consequently, the doctrine of *res judicata* bars the litigation not only of those matters actually determined in the prior action, but also those that reasonably could have been litigated in the prior action. *Brown v. Brown*, 29 S.W.3d 491, 495 (Tenn. Ct. App. 2000).

> It has long been the rule in this state that not only issues which were actually determined, but all claims and issues which are relevant and which could reasonably have been litigated in a prior action, are foreclosed by the judgment therein.

*American Nat'l Bank and Trust v. Clark*, 586 S.W.2d 825, 826 (Tenn. 1979). Where all "claims and theories" asserted in the later litigation had accrued and were available for litigation in the prior action, *res judicata* applies. *Id.* at 827. Thus, the former judgment is conclusive "not only as to

---

[3]In a prior holding this court stated:

> The rule [of *res judicata*] requires that the whole subject of the litigation be brought forward by the parties, and the judgment concludes all matters, whether of action or defense, legally pertaining to that subject which, by the exercise of reasonable diligence, might have been brought forward.

*McKinney v. Widner,* 746 S.W.2d 699, 705 (Tenn. Ct. App. 1987).

matters actually put at issue, but equally to those which by due diligence of the litigant . . . might have been put in issue and determined." *Brown*, 29 S.W.3d at 496 (quoting *Hayes v. Civil Serv. Comm'n. of Metro. Gov't*, 907 S.W.2d 826, 828 (Tenn. Ct. App. 1995)). A prior judgment does not, however, operate to prohibit the later consideration of rights that had not accrued at the time of the earlier proceeding or the re-examination of the same question between the same parties when the facts have changed or new facts have occurred that have altered the parties' legal rights and relations. *Lien*, 993 S.W.2d at 56; *White v. White*, 876 S.W.2d 837, 839-40 (Tenn. 1994).

The party asserting the defense must demonstrate: (1) that the underlying judgment was rendered by a court of competent jurisdiction; (2) that the same parties were involved in both suits; (3) that the same cause of action was involved in both suits; and (4) that the underlying judgment was final and on the merits. *Lien*, 993 S.W.2d at 56; *Collins v. Greene Co. Bank*, 916 S.W.2d 941, 945 (Tenn. Ct. App. 1995).

The prior case upon which the claim of *res judicata* rests herein is the original action brought by Appellants in Chancery Court against the same defendants, Case 1. The Chancery Court was a court of competent jurisdiction. Chancery Court had jurisdiction over the parties, and the parties were clearly the same.

Both lawsuits involve Appellants' attempts to collect additional compensation on the basis of terms of employment they allege were set out in the employee handbook. Both lawsuits involve the same dates of employment. Appellants' employment was terminated in 1999, prior to their bringing Case 1; no new facts occurring since that time have been alleged in the complaint in Case 3.[4] We conclude both Case 1 and Case 3 involve the same cause of action. Appellants argue that facts revealed in subsequent lawsuits regarding who was the real employer and the decisions of the court thereon have changed the cause of action. We disagree. A change in Appellants' theory of liability does not create a new cause of action. Tennessee law is clear that *res judicata* bars the litigation of all issues that could have been litigated and all facts pertaining to those issues that could have been brought forward. "The fact that [plaintiff] has identified another argument to support his constitutional challenge does not alter the fact that the issue was resolved in the first . . . proceeding." *Richardson*, 913 S.W.2d at 461.

The final requirement for application of the doctrine of *res judicata* is that the underlying judgment must have been a final adjudication on the merits. *Roy v. Diamond*, 16 S.W.3d 783, 787 (Tenn. Ct. App. 1999). It must have been final and must have concluded the rights of the party against whom the *res judicata* defense is asserted. *Richardson*, 913 S.W.2d at 459. In Tennessee, a judgment is final "when it decides and disposes of the *whole* merits of the case leaving nothing for the further judgment of the court." *Richardson*, 913 S.W.2d at 460 (quoting *Saunders v. Metropolitan Gov't of Nashville & Davidson County*, 214 Tenn. 703, 383 S.W.2d 28, 31 (1964)).

---

[4]The complaint alleged the procedural history of the litigation over this dispute, but no further dealings between the parties.

While denial of a motion to dismiss does not constitute a final judgment, *id.*, the grant of such a motion is a final judgment. The Chancery Court's judgment in Case 1 entered on December 8, 1999, was a final adjudication, and that judgment was not appealed.[5]

Whether a dismissal is a judgment which invokes the doctrine of *res judicata* depends upon whether the dismissal was made on the merits. *Lewis v. Muchmore*, 26 S.W.3d 632, 637 (Tenn. Ct. App. 2000); *Hart v. Tourte*, 10 S.W.3d 263, 267 (Tenn. Ct. App. 1999). In *Tourte*, this court determined that dismissal of a prior proceeding because plaintiff failed to attach a properly authenticated foreign judgment to his petition for registration was dismissal on a non-merits ground and, therefore, *res judicata* did not preclude the second lawsuit. *Tourte*, 10 S.W.3d at 267. Similarly, in *Muchmore*, this court determined that the record prevented us from determining whether the first litigation had been dismissed because of a procedural defect or on the merits. *Muchmore*, 26 S.W.3d at 637. Because the party asserting *res judicata* as a defense bears the burden to substantiate it, we held the later lawsuit was not barred. *Id.*

Thus, dismissal for procedural defects is not a determination on the merits so as to support a claim of *res judicata.* Where, however, a complaint has been dismissed for failure to state a claim upon which relief can be granted, such a dismissal is considered an adjudication on the merits. *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994); *Rainey Brothers Construction Company, Inc. v. Memphis & Shelby County Bd. of Adjustment*, 967 F.Supp. 998, 1003 (W.D. Tenn. 1997). This holding has two bases. First,

> A rule 12.02(6) motion to dismiss, like the demurrer under earlier Tennessee law, tests the legal sufficiency of the party's pleading. *See Cornpropst v. Sloan*, 528 S.W.2d 188, 190 (Tenn. 1975). In a case predating Rule 12.02(6), the Tennessee Supreme Court held that the sustaining of a demurrer has the effect of a decision on the merits regardless of whether the factual allegations are sufficient to support a cause of action. *Isham v. City of Harriman*, 223 Tenn. 461, 447 S.W.2d 364 (1969).

*Dyer v. Itnera Corp.*, 870 F.2d 1063, 1066 (6th Cir. 1989). The *Dyer* court also found that Tenn. R. Civ. P. 12.02(6) is based upon Fed. R. Civ. P. 12(b)(6) and that in federal courts a dismissal pursuant to that rule is considered "a decision on the merits with full *res judicata* effect." *Id.*

---

[5]Although "where the former suit is still pending, a judgment rendered therein is not res judicata," *McBurney v. Aldrich*, 816 S.W.2d 30, 34 (Tenn. Ct. App. 1991), and the appeal of the denial of the second Rule 60.02 motion is still pending before this court, the court's final order in Case 1 is still final for purposes of *res judicata*. Tenn. R. Civ. P. 60.02 states:

> A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion.

Tenn. R. Civ. P. 60.02.

Since 1989, when the *Dyer* case was decided, Tennessee courts have reaffirmed that the purpose of a Rule 12.02(6) motion is to test the legal sufficiency of the complaint or petition. *421 Corp. v. Metropolitan Gov't of Nashville and Davidson Co.*, 36 S.W.3d 469, 479 (Tenn. Ct. App. 2000); *Harvey v. Ford Motor Credit Co.*, 8 S.W.3d 273, 276 (Tenn. Ct. App. 1999); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994); *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992). Therefore, as a Rule 12.02(6) motion tests the legal sufficiency of the complaint, a dismissal under that rule is an adjudication on the merits.

The second basis for the conclusion that a Tenn. R. Civ. P. 12.02(6) dismissal is a dismissal on the merits is found in Rule 41.02(3) of the Tennessee Rules of Civil Procedure, which states:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule 41, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.

Because dismissal for failure to state a claim is not one of the exceptions listed, the plain language of this rule requires a conclusion that such a dismissal is an adjudication on the merits. The trial court in Case 1 did not specify that its decision was not to act as a final adjudication. Therefore, we hold that the dismissal of Appellants' first case, Case 1, on the Rule 12.02(6) motion was an adjudication on the merits.[6]

Accordingly, we affirm the trial court's dismissal of this lawsuit because Appellants' claims were barred by the doctrine of *res judicata*.

Appellants also argue that the trial court should have granted their Motion for Summary Judgment because Appellees did not respond to the motion by filing affidavits setting forth facts showing a genuine issue of fact.[7] However, this argument ignores one of the basic requirements for the grant of summary judgment: the filings must show there is no genuine issue as to any material fact **and** the moving party must be entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995); *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). Thus, summary judgment should be granted only when the undisputed facts reasonably support one conclusion, namely that the moving party is entitled to a judgment as a matter of law. *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

---

[6]To the extent that Appellants' real complaint is that the Chancery Court incorrectly decided Case 1, the correctness or incorrectness of the former adjudication is not before this court in this appeal. The proper method for challenging the correctness of that judgment was an appeal from it. *Madyun v. Ballard*, 783 S.W.2d 946, 948 (Tenn. Ct. App. 1989).

[7]Appellees responded to Appellants' statement of material facts, and filed an unsigned affidavit of Dr. Bruce.

Obviously, a party whose complaint fails to state a claim for relief is not entitled to a judgment as a matter of law. Appellants were properly denied summary judgment because their lawsuit was precluded by *res judicata.*

Appellants also argue that the trial court improperly converted Appellees' Rule 11 Motion for Sanctions as a Motion to Dismiss.[8] A trial court need not wait for a party to file a motion to dismiss under Rule 12.02(6), for it possesses the authority to dismiss the petition sua sponte if the pleading fails to state a claim on which relief can be granted. *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975); *see also Lackey v. Carson*, 886 S.W.2d 232, 232 (Tenn. Ct. App. 1994).

> Defenses of failure to state a claim and the lack of jurisdiction of the court are not waived by filing an answer to the complaint. Tenn. R. Civ. Proc. 12.08. They may be raised at any time even at a trial on the merits, *id.*, and the court has the authority to dismiss the complaint sua sponte.

*Cockrill v. Everett*, 958 S.W.2d 133, 135 (Tenn. Ct. App. 1997) (citing *Huckeby v. Spangler*, 521 S.W.2d at 511).

We find that the trial court appropriately used its authority to dismiss Appellants' case. The court's action was in response to the motion for sanctions and was based upon the history of prior litigation between the parties as set out in the complaint as well as in the motion for sanctions. Appellants were certainly aware of the issues and argued in the complaint the reasons why *res judicata* did not preclude this lawsuit.

The judgment of the trial court is affirmed. This cause is remanded to Circuit Court of Davidson County for any necessary further proceedings consistent with this opinion. Costs on appeal are taxed to Appellants.

_____
PATRICIA J. COTTRELL, JUDGE

---

[8]The motion for sanctions was based upon the prior litigation between the parties. In addition to sanctions, the motion requested that Appellants be precluded from asserting a claim against Dr. Bruce and D&C.