**Michael Earl DYER,
Plaintiff–Appellant,**

v.

**INTERA CORPORATION; Intera Company, Ltd.; and Tennessee Venture, Inc., Defendants–Appellees.**

No. 88–5098.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 10, 1988.

Decided March 20, 1989.

Carlantonio had been informed of his rights.

Anita B. Hardeman, David B. Kesler (argued), Steven F. Dobson, Brown, Dobson, Burnette & Kesler, Chattanooga, Tenn., for Michael Earl Dyer.

Sam D. Elliott, Charles J. Gearhiser, Robert Lockaby, Jr., Gearhiser, Peters & Horton, Chattanooga, Tenn., for Intera Corp.

Raymond R. Murphy, Jr., Miller & Martin, Chattanooga, Tenn., John C. Fairweather (argued), Brouse & McDowell, Akron, Ohio, Joseph W. Bauer, Lubrizol Corp., Wickliffe, Ohio, for Intera Co., Ltd. and Tennessee Venture, Inc.

Before ENGEL, Chief Judge, WELLFORD and BOGGS, Circuit Judges.

WELLFORD, Circuit Judge.

The plaintiff, Michael Earl Dyer, appeals from the district court's decision that his claims are barred by the principles of res judicata and collateral estoppel. The district court so ruled because a lower Tennessee state court had previously dismissed an essentially identical case filed by Dyer for failure to state a claim upon which relief can be granted. The Tennessee appeals court affirmed the dismissal, and Dyer's petition to the State Supreme Court was denied. Dyer contends that he has been unfairly denied an opportunity to amend his complaint and that any dismissal of his claims based on pleading defects should not be binding on other courts.

### I.

In 1979, Intera advertised for personnel to fill certain supervisory positions, and Dyer inquired. Intera hired Dyer without entering into an employment contract, thus creating an employment-at-will relationship. Dyer was initially trained in the technical area of yarn manufacturing, but soon afterwards was promoted to supervise Intera's quality control department. During his service in quality control, Dyer sometimes worked on his own time in Intera's laboratory. He developed a certain chemical process that he claims was new to Intera and the textile industry in general. It was then that Intera offered Dyer a contract of employment.

On January 4, 1980, Dyer and Intera signed an employment agreement under which Dyer was promoted to the position of Director of Research and Development. He was given $1000 in cash as consideration, plus a higher salary and other benefits. The agreement provided that all inventions, discoveries, and improvements made by Dyer during his employment, dating back to his first day at work, were to become solely the property of Intera. This obligation extended to all patents and patent applications, presumably including the chemical process developed by Dyer on his own time. In addition to the increased regular salary and benefits provided in the agreement as compensation for Dyer's

duties as director of research, Dyer contends that Intera orally promised to compensate him "well and fairly" for the assignment of any patentable idea or invention to Intera. The written contract, however, states that it represents the entire understanding of the parties and that there are no other agreements, written or oral, regarding the contract's subject matter.

Dyer's original employment contract was for a period of eighteen months retroactive to August 22, 1979, the date on which Dyer was first hired. A later agreement, dated January 3, 1981, extended the term by another eighteen months. During these periods, Dyer developed more processes and concepts for the improvement of Intera's technology. At least two of these improvements were considered patentable. Dyer and Intera prepared patent applications for these inventions, and Dyer assigned the patents to Intera.

In June 1982, both Dyer and Intera became dissatisfied with each other's performance of the extended employment contract. Dyer complained that Intera was not compensating him for the patents he had assigned to Intera. Intera also challenged Dyer's performance. After Intera's filing of a suit, the Chancery Court of Bradley County, Tennessee, in June of 1983, entered a preliminary injunction, later converted into a permanent injunction, ordering Dyer to comply with the provisions of his employment contract with Intera. *International Yarn Corporation of Tennessee, Inc. v. Michael Earl Dyer*, Bradley County Chancery No. 82–104.

By reason of letter agreements dated December 10, 1982 and December 12, 1982, Dyer and Intera agreed to more specific compensation terms governing the assignment of Dyer's patents and inventions. Each month, Dyer would be paid a bonus of 2½% of the net income generated by the licensing of present and future textile technologies owned by Intera. Intera reserved the right to determine whether Dyer should be terminated. In July 1984, Intera told Dyer he would no longer receive the agreed bonus but instead offered Dyer a stock option plan as a substitute. Dyer refused the stock option plan and was thereafter terminated on July 27, 1984.

## II.

On August 9, 1984, Intera filed a complaint in state court, requesting a declaratory judgment that certain provisions of the employment contract remained in effect after Dyer's termination and an injunction requiring Dyer's compliance. Dyer counterclaimed, alleging breach of the employment contract and retaliatory discharge by Intera. On September 23, 1985, Dyer filed a motion to amend his counterclaim to which Intera filed a brief in opposition.

On January 21, 1986, the Chancery Court in Bradley County dismissed each of Dyer's claims and granted Intera's request for a mandatory injunction requiring Dyer to execute assignments and oaths necessary to clarify ownership of certain patent applications. The Tennessee appellate court affirmed, and Dyer's appeal to the Tennessee Supreme Court was denied. Dyer then filed this action in federal court, which subsequently dismissed the complaint on the grounds that the findings made by the Tennessee state courts were to be given the same preclusive effect in federal courts as they would be in other Tennessee state courts. *See Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984).

Dyer's counterclaims in the Tennessee court asserted four causes of action: (1) breach of the employment contract, (2) promissory fraud and unjust enrichment, (3) breach of the royalty agreement, and (4) a request for a declaratory judgment. The state trial court made two findings of laws that disposed of all of Dyer's claims. First, the court found that any contract which allows the employer to terminate the employee for cause is a contract terminable at the will of either party unless it is supported by consideration other than a promise to perform future services. *See Graves v. Anchor Wire Corporation of Tennessee*, 692 S.W.2d 420 (Tenn.App.1985); *Little v. Federal Container Corporation*, 61 Tenn. App. 26, 452 S.W.2d 875 (1970). The Tennessee court determined that the employ-

ment agreement was not supported by additional consideration and that, therefore, Intera had the legal right to discharge Dyer. The court also found that the Supreme Court of Tennessee had not adopted the doctrine of promissory fraud and that, in any event, Dyer had not properly alleged misrepresentation of actual present intent on the part of Intera. As a consequence, the Tennessee trial court ruled that Dyer's complaint failed to state a claim upon which relief could be granted. Dyer's complaint in federal court now before us on appeal expresses essentially the same issues.

### III.

██ We must determine whether the district court correctly dismissed Dyer's complaint on the grounds of res judicata and collateral estoppel because the same causes of action had been previously dismissed by the Tennessee courts. Federal courts must give a state court judgment the same preclusive effect as would a court of the state in which the judgment was handed down. *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Whitfield v. City of Knoxville,* 756 F.2d 455, 459 (6th Cir.1985). The doctrines of res judicata and collateral estoppel prohibit parties from relitigating issues that were decided or could have been raised in an action in which a final judgment has already been rendered on the merits. *Brookins v. General Motors Corporation,* 843 F.2d 879 (6th Cir.1987). The crucial issue, therefore, is whether the district court correctly determined that a decision was rendered in state court on the merits of Dyer's claims.

██ No reported Tennessee cases directly address the issue of whether dismissal for failure to state a claim upon which relief can be granted is a decision on the merits. Inferences to be drawn from other legal sources, however, lead us to the conclusion that the result is clear. Rule 12.-02(6) of the Tennessee Rules of Civil Procedure was the procedural basis for the dismissal of Dyer's complaint for failure to

state a claim on which relief can be granted in the state trial court. A rule 12.02(6) motion to dismiss, like the demurrer under earlier Tennessee law, tests the legal sufficiency of the party's pleading. *See Cornpropst v. Sloan,* 528 S.W.2d 188, 190 (Tenn.1975). In a case predating Rule 12.-02(6), the Tennessee Supreme Court held that the sustaining of a demurrer has the effect of a decision on the merits regardless of whether the factual allegations are sufficient to support a cause of action. *Isham v. City of Harriman,* 223 Tenn. 461, 447 S.W.2d 364 (1969).

Tennessee Rule of Civil Procedure 12.-02(6) is based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Tenn.R.Civ.Proc. 12, advisory committee notes. In the federal courts, a dismissal pursuant to Rule 12(b)(6) is considered a decision on the merits with full res judicata effect. *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 2428 n. 3, 69 L.Ed.2d 103 (1981); *Bartsch v. Chamberlin,* 266 F.2d 357 (6th Cir.1959); *Cannon v. Loyola Univ. of Chicago,* 784 F.2d 777, 780 (7th Cir.1986), *cert. denied,* 479 U.S. 1033, 107 S.Ct. 880, 93 L.Ed.2d 834 (1987); *Isaac v. Schwartz,* 706 F.2d 15, 17 (1st Cir.1983); *Teltronics Services, Inc. v. LM Ericsson Telecommunications, Inc.,* 642 F.2d 31, 34 (2d Cir.), *cert. denied,* 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981). In *Bartsch v. Chamberlin,* this court held that a Rule 12(b)(6) dismissal, by operation of Rule 41(b) Fed.R. Civ.Proc., is a decision on the merits. 266 F.2d at 358. This conclusion is supported by the language of Rule 41.02(3) of the Tennessee Rules of Civil Procedure, which states:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision *and any dismissal not provided for in this Rule 41,* other than a dismissal for lack of jurisdiction or for lack of an indispensable party, operates as an adjudication upon the merits.

(emphasis added). Dyer himself conceded as much in his petition to rehear to the Tennessee Court of Appeals in which he stated, "[t]he serious problem and drastic

result of this case is that the dismissal below operates as an adjudication upon the merits ... because it did not specify that it was without prejudice."

 Because the sustaining of a demurrer upon the sufficiency of the pleadings was a decision on the merits prior to the adoption of the Tennessee Rules of Civil Procedure, and because a 12.02(6) motion has been held to be the equivalent of such a demurrer, we conclude that a dismissal pursuant to Rule 12.02(6) would operate as a judgment on the merits in Tennessee. We believe that the Tennessee Supreme Court would likely consider this dismissal as a final decision on the merits. Accordingly, we affirm the summary judgment rendered by the district court, though we realize the result may be a harsh one.

The reasons favoring finality and avoidance of repetitive filings require the further conclusion that Dyer should not be allowed to supplement the record or amend his complaint. Dyer argues that while the state trial court's determination may have been on the merits, the affirmance by the Tennessee Court of Appeals was not. Dyer admits that the trial court found no cause of action for promissory fraud under Tennessee law but argues that the appeals court found only that his pleading was deficient. This decision, says Dyer, is therefore not on the merits. He further argues that he should be allowed to alter his pleading to remedy the deficiency. In addition, Dyer wants to add Intera Company, Ltd. and Tennessee Venture, Inc. as parties defendant.

We must deny both requests. For the reasons stated, the state trial court's decision that Dyer's pleading was inadequate constituted a decision on the merits as to all his claims, including promissory fraud. The appeals court's affirmance, therefore, operates as an affirmance on the merits as to *all* claims, promissory fraud included. In addition, Dyer's motion to add Intera Company, Ltd. and Tennessee Venture, Inc. as defendants was denied in the state court action. This motion, therefore, is also barred by principles of collateral estoppel. *See Womack v. Gettelfinger*, 808 F.2d 446,

455 (6th Cir.1986), *cert. denied*, —— U.S. ——, 108 S.Ct. 78, 98 L.Ed.2d 41 (1987); *Cotton v. Underwood*, 223 Tenn. 122, 131–32, 442 S.W.2d 632, 637 (1969).

We find no error in the actions of the district court. Accordingly, the judgment of the district court is AFFIRMED.