898 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John R. GLASSCOCK, Individually, and on behalf of his
natural daughter, Tiffany T. Glasscock, a minor child by her
next friend and lawful father; Stella M. Glasscock,
paternal grandparent of Tiffany T. Glasscock; John R.
Glasscock, Sr., paternal grandfather of Tiffany T.
Glasscock, Plaintiffs-Appellants,
v.
William B. STAPLETON, et al., Defendants-Appellees.
 No. 89-3535.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1990.
 
 Before WELLFORD and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 John R. Glasscock and his parents, John and Stella Glasscock, appeal the district court's dismissal of their civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983, 1985, and 1986. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This action is essentially an intra family custody dispute concerning John Glasscock's minor daughter. The Glasscocks have sued many defendants allegedly connected with the state custody proceedings, including judges, prosecution attorneys, a clerk of courts, sheriffs and their deputies, employees of the county welfare department, and private attorneys from Brown and Highland Counties in Ohio. Seeking millions of dollars in damages, plaintiffs filed the instant complaint essentially complaining that they were treated unjustly during the state court proceedings, and that the defendants had conspired to deprive John Glasscock of the custody of his child in violation of his constitutional rights.
 
 
 3
 The magistrate recommended dismissing the complaint with prejudice as it was barred by the doctrine of res judicata because the Glasscocks' similar claims were previously decided on the merits in a prior action. The district court adopted the magistrate's recommendation over plaintiffs' objections.
 
 
 4
 We affirm the district court's judgment. Plaintiffs have asserted these exact same claims in two prior proceedings. The first suit was filed in 1984. The magistrate reviewed the claims in a comprehensive report and recommended dismissing the complaint due to plaintiffs' failure to state a claim upon which relief could be granted. The district court adopted the recommendation over plaintiffs' objections. A dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted is considered a decision on the merits with full res judicata effect. See Dyer v. Intera Corp., 870 F.2d 1063, 1066 (6th Cir.1989). Thereafter, plaintiffs filed their second suit which was summarily dismissed by the district court for plaintiffs' failure to provide a short and plain statement of the facts as required by Fed.R.Civ.P. 8. Unless otherwise specified, a dismissal for insufficiency of the complaint serves as an adjudication on the merits. See Guzowski v. Hartman, 849 F.2d 252, 255 (6th Cir.1988). The Glasscocks did not appeal either of these dismissals. Under these circumstances, we conclude that res judicata bars the present suit because the claims asserted were decided adversely to plaintiffs on the merits in prior proceedings. See Anchor Motor Freight v. International Bhd. of Teamsters, 700 F.2d 1067, 1070 (6th Cir.), cert. denied, 464 U.S. 819 (1983); Nathan v. Rowan, 651 F.2d 1223, 1226 (6th Cir.1981). Furthermore, the state court is the proper tribunal to challenge actions taken in divorce and child custody proceedings.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.