956 F.2d 1164
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger R. WILKERSON, Plaintiff-Appellant,
v.
EATON CORPORATION, et al, Defendants-Appellees.
 No. 91-3493.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1992.
 
 Before BOGGS and WILLIAM A. NORRIS, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Roger Wilkerson filed this suit against his former employer, the Eaton Corporation, and various individual Eaton employees, claiming that he was discharged in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. The district court granted the defendants' motion to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(6) on grounds of res judicata. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 * On November 22, 1989, Wilkerson filed his initial action against Eaton in Ohio state court setting forth numerous state law claims arising from his termination. On December 8, 1989, Wilkerson amended his state court complaint to include allegations of race discrimination in violation of 42 U.S.C. §§ 1981 and 1985. The defendants then removed the original case to federal court.
 
 
 3
 On August 10, 1990, while the case was still pending in the district court, the EEOC issued Wilkerson a right to sue letter with respect to charges of race and age discrimination arising from his termination. Wilkerson never attempted to add these claims to his first suit against Eaton. On October 2, 1990, the district court granted Eaton's motion to dismiss the § 1981 and 1985 claims. The state law claims were remanded to state court.
 
 
 4
 On November 7, 1990, Wilkerson filed this second action against Eaton and a variety of individual defendants, alleging race and age discrimination in violation of Title VII and the ADEA arising from Wilkerson's dismissal. Wilkerson filed an amended complaint that did not alter the substance of his factual allegations in this matter. As a result, the district court granted Eaton's motion to dismiss the complaint pursuant to Rule 12(b)(6) on grounds of res judicata and, with respect to the individual defendants, on the additional grounds that such individuals were not named in Wilkerson's EEOC charges. Wilkerson appeals the district court dismissal of his case.
 
 II
 
 5
 This court conducts a de novo review of a district court's decision to dismiss a suit pursuit to Rule 12(b)(6). Meador v. Cabinet For Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990); Dana Corp. v. Blue Cross & Blue Shield, 900 F.2d 882, 885 (6th Cir.1990). When making a determination under Rule 12(b)(6), a court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. Meador, 902 F.2d at 475; Dana Corp., 900 F.2d at 885.
 
 
 6
 In this case, Wilkerson received his right to sue letter from the EEOC while the original action arising from this set of facts was still pending. Although his initial federal case was not dismissed until nearly two months after the EEOC issued the right to sue letter, Wilkerson chose not to attempt to amend the complaint in his first case to include the Title VII and ADEA claims. Rather, Wilkerson waited until the district court dismissed the initial federal case and then instituted this case. There is no dispute that the Title VII and ADEA claims arise out of the same set of facts, namely, the plaintiff's discharge. The district court therefore dismissed these claims pursuant to the doctrine of res judicata.
 
 
 7
 Res judicata bars a party from litigating any claims that were or could have been litigated in a prior action. "[T]he doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, '[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but to any other admissible matter which might have been offered for that purpose.' " Nevada v. United States, 463 U.S. 110, 129-30 (1983), quoting Cromwell v. County of Sac, 94 U.S. 351, 352 (1877).
 
 
 8
 In Fleming v. Travenol Laboratories, Inc., 707 F.2d 829 (5th Cir.1983), the Fifth Circuit addressed a case virtually identical to this matter. In Fleming, the plaintiff filed an action against her employer under §§ 1981, 1983 and 1985. While the racial discrimination case was pending, the plaintiff received a right to sue letter from the EEOC. Rather than amending her complaint, the plaintiff filed another action in federal court. Five weeks later, the district court dismissed the original action for various reasons. The district court then ruled that the second action was barred by res judicata by virtue of the plaintiff's failure to amend her complaint in the first action when she had the opportunity to do so. The Fifth Circuit affirmed, holding that when "one has a choice of more than one remedy for a given wrong, here the suspension and discharge, he or she may not assert them serially, in successive actions, but must advance all at once on pain of bar." Id. at 833.
 
 
 9
 This Circuit has held repeatedly that once a final judgment is rendered, a litigant cannot seek relief in a successive action for the same injury, even where different legal theories are advanced. Harrington v. Vandalia-Butler Board of Education, et al., 649 F.2d 434, 437 (6th Cir.1981); Cemer v. Marathon Oil Company, 583 F.2d 830, 832 (6th Cir.1978). In the Harrington case, for example, this court stated:
 
 
 10
 It is undisputed that appellant's earlier Title VII action and the present § 1983 suit are based on the same discriminatory acts. When two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit.
 
 
 11
 Harrington, 649 F.2d at 437.
 
 
 12
 Wilkerson makes several arguments against the judgment of the district court. First, he maintains that res judicata cannot be a bar to this case because there was no "final judgment" in this matter since some state claims survived and were remanded to the state court. However, the district court in the original action dismissed the federal claims under 12(b)(6) for failure to state a claim upon which relief can be granted. All federal aspects of this case were disposed of in the original 12(b)(6) dismissal. More precisely, the district court dismissed the entire federal case. "A dismissal pursuant to 12(b)(6) is considered a decision on the merits with full res judicata effect." Dyer v. Intera Corp., 870 F.2d 1063 (6th Cir.1989); Federated Dept. Stores v. Moitie, 452 U.S. 394 (1981).
 
 
 13
 Wilkerson also cites Lytle v. Household Mfg. Inc., 110 S.Ct. 1331 (1990), in support of his position, claiming that the Supreme Court "refused to bar the litigation of a Title VII action after a 42 U.S.C. § 1981 claim has failed." However, plaintiff mischaracterizes Lytle, which held that an adverse judgment in a Title VII action could not bar the relitigation of a previously, but erroneously, dismissed § 1981 claim. In Lytle, the plaintiff joined his § 1981 and Title VII claims in the same action. Further, the Supreme Court specifically noted that both claims had to be joined in the same action or be barred by res judicata:
 
 
 14
 It would be anomalous to hold that a district court may not deprive a litigant of his right to a jury trial by resolving an equitable claim before a jury hears a legal claim raising common issues, but the court may accomplish the same result by erroneously dismissing the legal claim. Such a holding would be particularly unfair here because Lytle was required to join his legal [§ 1981] and equitable [Title VII] claims to avoid the bar of res judicata.
 
 
 15
 Id. at 1334.
 
 
 16
 In sum, plaintiff Wilkerson had ample opportunity to join his Title VII and ADEA claims in the original lawsuit. He did not do so and, as a result, res judicata bars subsequent litigation of any such claims arising from the same set of facts. The district court's ruling is therefore affirmed.
 
 III
 
 17
 Defendants-appellees seek to recover their costs and attorneys fees on this appeal pursuant to 28 U.S.C. § 1927. That request is denied. For the above reasons, we AFFIRM the judgment of the district court in this matter.