Joel BRIGGS, Petitioner–Appellant,

v.

**CINCINNATI COURT INDEX NEWSPAPER, Defendant– Appellee.**

No. 00–3872.

United States Court of Appeals, Sixth Circuit.

March 16, 2001.

Before NORRIS and DAUGHTREY, Circuit Judges; ZATKOFF, District Judge.*

Joel Briggs, an Ohio resident proceeding pro se, appeals a district court judgment dismissing his civil action alleging a violation of his right to privacy under the United States Constitution and a libel claim based upon state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 8, 1999, Briggs filed a complaint against the Cincinnati Court Index,

a legal newspaper published in Cincinnati. Briggs alleged that the following listing, which was published in the August 22, 1997, edition of the Cincinnati Court Index, violated *"FEDERAL PRIVACY LAW! and PRIVACY, RIGHT OF!"* and was libelous towards him:

> A–9705729 OTHER CIVIL—Joseph T. Deters, Prosecutor, Hamilton County, Ohio, 230 E. Ninth St., Ste. 7000, 45202–2151 vs. Joel Briggs, 634 Gholson Ave., 45229. Complaint to find defendant, Joel Briggs, is a vexatious litigator pursuant to R.C. 2323.52. Joseph T. Deters, Lawrence C. Baron/22153, Attys.

Briggs filed a motion for judgment on the pleadings or for summary judgment, to which the Cincinnati Court Index responded along with a counter motion for summary judgment. A magistrate judge filed a report recommending that the Cincinnati Court Index's motion be granted and that Briggs's motion be denied as moot. Over Briggs's objections, the district court adopted the magistrate judge's report and recommendation, granted the Cincinnati Court Index's motion for summary judgment, and dismissed Briggs's complaint. Reconsideration was subsequently denied. Briggs has filed a timely appeal.

We review the district court's grant of summary judgment de novo. *EEOC v. Northwest Airlines, Inc.,* 188 F.3d 695, 701 (6th Cir.1999). Upon review, we conclude that the district court properly dismissed Briggs's complaint although we rely upon grounds other than those relied upon by the district court. *See City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 251 (6th Cir.1994); *see also Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.,* 772 F.2d 214, 216 (6th Cir.1985).

* The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

■ Briggs's complaint is barred by the doctrine of res judicata. Under the doctrine of res judicata, a final judgment on the merits bars a subsequent action between the same parties or their privies based upon the same claims or causes of action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir.1997). The doctrine of res judicata also prohibits relitigation of all claims or issues which were actually litigated or which could have been litigated in a prior action. *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir.1996). Federal courts must give the same preclusive effect to a previous state court judgment that such judgment would receive in the courts of the rendering state. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Dyer v. Intera Corp.*, 870 F.2d 1063, 1066 (6th Cir.1989). Where the only difference between two lawsuits is that one is brought under federal law while the other is brought under state law, the two causes of action are "sufficiently identical to support application of res judicata to bar the second" suit. *Harris v. Ashley*, No. 97–5961, 1998 WL 681219, at *5, 165 F.3d 27 (6th Cir. Sept.14, 1998) (per curiam) (unpublished order).

■ On August 29, 1997, Briggs filed a complaint against the Cincinnati Court Index in the Hamilton County, Ohio, Court of Common Pleas, alleging libel, slander, and defamation based upon the Cincinnati Court Index's August 22, 1997, publication of the fact that a complaint had been filed against him. On December 12, 1997, the court of common pleas granted summary judgment in favor of the Cincinnati Court Index and dismissed Briggs's case. The Ohio Court of Appeals, First Appellate District, subsequently affirmed the deci-

sion of the court of common pleas. The Supreme Court of Ohio declined jurisdiction to hear Briggs's appeal on February 3, 1999.

■ The state court complaint and the instant federal court complaint involve the same parties, namely Briggs as the plaintiff and the Cincinnati Court Index as the defendant. In addition, the state court action and the federal court action are based upon the same facts in that they are both based upon the Cincinnati Court Index's August 22, 1997, publication of the fact that a complaint had been filed against Briggs. Furthermore, under Ohio law, the entry of summary judgment in favor of one of the parties to a lawsuit constitutes an adjudication on the merits for purposes of res judicata. *A–1 Nursing Care of Cleveland, Inc. v. Florence Nightingale Nursing, Inc.*, 97 Ohio App.3d 623, 647 N.E.2d 222, 224 (Ohio Ct.App.1994). The only difference between the federal lawsuit and the state lawsuit is that the federal suit is based upon federal and state law while the state suit is based upon state law. Under these circumstances, the two lawsuits are "sufficiently identical to support application of res judicata to bar" the federal suit. *Harris*, No. 97–5961, 1998 WL 681219, at *5.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.