IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 1, 2023

# WILLIAM D. CROWDER v. TRE HARGETT ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 22C2547 Joseph P. Binkley, Jr., Judge**

_____

## No. M2023-00590-COA-R3-CV

_____

Appellant appeals the dismissal of his second lawsuit seeking damages and injunctive relief against four defendants allegedly associated with his criminal prosecution. The trial court dismissed the second lawsuit as barred by the doctrine of res judicata. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, P. J., W.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JEFFREY USMAN, J., joined.

William D. Crowder, Antioch, Tennessee, Pro se.

Jonathan Skrmetti, Attorney General and Reporter; Hollie R. Parrish, Assistant Attorney General, for the appellees, Tre Hargett and Glenn Funk.

Jonathan Skrmetti, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; and Meghan Murphy, Senior Assistant Attorney General for the appellee, David Raush and Robert Burghardt.

## MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves three separate legal actions, two of which were civil and one of which was criminal in nature. On June 2, 2022, Plaintiff/Appellant William D. Crowder ("Appellant") filed a complaint ("the First Complaint") in Davidson County Circuit Court ("the trial court") against Defendants/Appellees Secretary of State Tre Hargett, District Attorney General Glenn Funk, Director of the Tennessee Bureau of Investigation ("TBI") David Rausch, and TBI Special Agent David Burghardt (collectively, "Appellees"). The First Complaint alleged that Appellees committed malicious prosecution against Appellant by contributing to or overseeing a process by which Appellant was falsely charged with a felony. According to Appellant, this damaged his reputation and employability.

The First Complaint was eventually dismissed on September 7, 2022, on the following bases: (1) as to Secretary Hargett, under Tennessee Rule of Civil Procedure 8.01 because the complaint did not allege any facts against Secretary Hargett that amount to a cause of action and under Tennessee Rule of Civil Procedure Rule 12.02(6) because he had absolute immunity as a state employee and cabinet-level executive officer under Tennessee Code Annotated section 9-8-307(h); (2) as to District Attorney General Funk and Director Rausch, under Tennessee Rule of Civil Procedure 12.02(6) because they also enjoyed absolute immunity; and (3) as to Special Agent Burghardt, because the complaint failed to make any allegations that amount to a cause of action under Rule 8.01. Appellant's motions for post-judgment relief were denied by order of December 13, 2022. The dismissal of the First Complaint was not appealed, and the judgment on the First Complaint became final when Appellant did not appeal by January 12, 2023.

Meanwhile a criminal action against Appellant was proceeding ("the Criminal Action"). Eventually, on September 14, 2022, Appellant pleaded nolo contendere to one misdemeanor charge of possession of an illegal item. Appellant was not convicted of any felony charges.

On December 13, 2022, Appellant filed a second civil complaint ("the Second Complaint") against Appellees in the trial court. The Second Complaint alleged that Appellant was subjected to a false felony charge by District Attorney General Funk due to Special Agent Burghardt's false testimony. Appellant further alleged that Director Rausch and Secretary Hargett were aware of the actions of their subordinates. So once again, Appellant alleged that Appellees committed malicious prosecution and defamation against him. Appellant further asserted that District Attorney General Funk was guilty of official misconduct under Tennessee Code Annotated section 39-16-402, a class E felony, and that Special Agent Burghardt was guilty of aggravated perjury under Tennessee Code Annotated section 39-16-703, a class D felony. Appellant asked that he be awarded $10 million in damages, the removal of the "illegitimate felony charge" from his record, the issuance of a statement describing the circumstances, the payment of Appellant's legal fees, and the return of his laptop and phone.

After the judgment dismissing the First Complaint became final, Appellees filed motions to dismiss the Second Complaint, arguing, *inter alia*, that the claims were barred by the doctrine of res judicata.[2] The trial court entered an order on March 30, 2023, dismissing the claims against Director Rausch and Special Agent Burghardt as barred by the doctrine of res judicata.

On April 6, 2023, the trial court entered an order also dismissing the claims against Secretary Hargett and District Attorney General Funk on the basis of res judicata. The trial court, however, also made several other rulings in the alternative. First, it ruled that the claims of malicious prosecution were barred by the acceptance of the plea deal in the Criminal Action. As to Secretary Hargett specifically, the trial court ruled that he enjoyed absolute immunity as a cabinet-level state employee; District Attorney General Funk enjoyed absolute prosecutorial immunity. Finally, the trial court ruled that to the extent Appellant was attempting to bring criminal charges of official misconduct, those charges were not proper in a civil action.

Appellant thereafter filed a timely appeal to this Court.

## II.  ISSUES PRESENTED

On appeal, Appellant raises the following issues, which are taken directly from his brief:

*Immunity* - The Appellees claim that the "Absolute Immunity", granted to the Appellees as employees of the State of Tennessee, extends to the commission of crimes. Pursuant to TCA § 9-8-307(h) elected employees of the State of Tennessee sacrifice their immunity when committing crimes and, in this case, the Appellant was framed for a crime he did not commit, which is a violation of TCA § 39-16- 402 and a Class E Felony.

*Res Judicata* - Counsel for the Appellees assert that, having secured a positive judgement for the crimes of 6/4/2020 [in the action on the First Complaint], they are free to victimize the Appellant with separate and additional crimes from 10/14/2022 to present day without consequence.

*Jurisdiction* - The Appellees claim that issues related to the crimes they commit can only be addressed in the criminal court, over which they have control. This is in violation of TN Const., art. I, § 19., which states that any Libel case involving elected officials be treated as a criminal case, and the power to interpret the law, as pertains to the case, transfers from the

---

[2] Specifically, Director Rausch and Special Agent Burghardt filed their motion on January 17, 2023, while Secretary Hargett and District Attorney General Funk filed their motion to dismiss on January 30, 2023.

Appellees to the Jury. It would then fall upon the Jury to issue warrants and arrest, detain or question any they deem necessary for the victims to receive justice.

(Record citations omitted). Appellees raise as issues whether Appellant has waived his appeal due to deficient briefing and whether the trial court correctly dismissed the Second Complaint on the basis of res judicata.

## III. ANALYSIS

As an initial matter, we must first discuss the state of Appellant's brief, as all Appellees have argued that his deficient briefing has waived all issues on appeal. Briefs submitted to this Court are governed by the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals of Tennessee. Rule 27(a) of the Tennessee Rules of Appellate Procedure provides that the brief of the appellant shall contain:

> (1) A table of contents, with references to the pages in the brief;
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
> (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
> (4) A statement of the issues presented for review;
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>
>> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);
>
> (8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27.

Appellees assert that Appellant's issues are waived because he failed to designate

as issues any of the arguments that he raised in the body of his brief and failed to provide arguments for all of the issues he designated. We generally agree. In particular, the central issue here is whether the trial court erred in ruling that the claims against Appellees were barred by the doctrine of res judicata. Although Appellant raises the question of res judicata in his issues, he wholly fails to address this issue in the argument section of his brief. Rather, the entirety of Appellant's argument is as follows:

> During the hearing for the case on 3/3/2023, the Judge points out how the Appellees crimes are only actionable in Civil Court when supported with evidence. When it was pointed out by the Appellant that there is ample evidence of the crimes, the Judge responds that the Appellees are immune. This is in direct violation of TCA § 9-8-307(h) which negates the immunity of employees of the State of Tennessee for criminal acts.
> The Judge also made it very clear he had no intention of allowing the case to be heard by a jury and would leave any resolution of the case up to the Appellate Court. This violates the Appellant's Constitutional right of trial by jury pursuant to TN Const., art. I, §6.
> The counsel for Secretary of State, Tre Hargett (Appellee Hargett) and Tennessee Bureau of Investigations, Director, David Rausch (Appellee Rausch) deny their involvement in this case. However, these Appellees are aware of the ongoing crimes against the Appellant, are duty bound to act upon them, and by not doing so are in violation of TCA § 39-11-401 and TCA § 39-11-402(3).

(Record citations omitted). Clearly, nothing in this argument addresses the question of whether the trial court properly dismissed the Second Complaint on the basis of res judicata. Moreover, while Appellant has included proper references to the appellate record in his brief, he has not cited any legal authority that addresses the res judicata ruling of the trial court, as required by Rule 27(a)(7)(A). Under these circumstances, any argument that the trial court erred in dismissing the Second Complaint on the basis of res judicata is waived. *See* **Sneed v. Bd. of Pro. Resp. of Sup. Ct.**, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.").

It is true that that Appellant is proceeding pro se in this appeal, as he did in the proceedings in the trial court. "While entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel." **Gilliam v. Gilliam**, No. M2007-02507-COA-R3-CV, 2008 WL 4922512, at *3 (Tenn. Ct. App. Nov. 13, 2008) (citing **Hessmer v. Hessmer**, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). As explained by this Court, "[t]he courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness

to a pro se litigant and unfairness to the pro se litigant's adversary." ***Jackson v. Lanphere***, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting ***Hessmer***, 138 S.W.3d at 903 (internal citations omitted)). "[T]he courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." ***Hessmer***, 138 S.W.3d at 903. As a result, Appellant's waiver is not excused by his decision to represent himself in this appeal.

Still, this Court has authority to excuse an appellant's deficient briefing for good cause. *See* Tenn. R. App. P. 2. We have previously found good cause "when 'the appellant is self-represented, [the court's] ability to address the sole issue appealed is not hindered by the deficiencies, or the gravity of the issues is such that resolution is necessary.'" ***City of Memphis v. Edwards by & Through Edwards***, No. W2022-00087-SC-R11-CV, 2023 WL 4414598, at *1 (Tenn. July 5, 2023) (per curium order) (quoting ***City of Memphis v. Edwards by & Through Edwards***, No. W2022-00087-COA-R3-CV, 2023 WL 2159244, at *11 (Tenn. Ct. App. Feb. 22, 2023) (Stafford, J., dissenting), *vacated*, 2023 WL 4414598). Although Appellant has clearly waived consideration of whether res judicata was correctly applied in this case, we exercise our discretion to briefly address this issue.

The doctrine of res judicata is a "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action[.]" ***Richardson v. Tenn. Bd. of Dentistry***, 913 S.W.2d 446, 459 (Tenn. 1995) (quoting *Black's Law Dictionary* 1172 (5th ed. 1979)). The party who is defending an action on the basis of res judicata has the burden of demonstrating the following:

> (1) that the underlying judgment was rendered by a court of competent jurisdiction;
> (2) that the same parties or their privies were involved in both suits;
> (3) that the same claim or cause of action was asserted in both suits; and
> (4) that the underlying judgment was final and on the merits.

***Regions Bank v. Prager***, 625 S.W.3d 842, 847–48 (Tenn. 2021). "A trial court's decision that a claim is barred by the doctrine of res judicata or claim preclusion involves a question of law which will be reviewed de novo on appeal without a presumption of correctness." ***Jackson v. Smith***, 387 S.W.3d 486, 491 (Tenn. 2012).

Here, there can be no dispute that the circuit court has jurisdiction over tort actions for malicious prosecution and defamation against Appellees.[3] *See* Tenn. Code Ann. § 16-

---

[3] Although the Second Complaint asserted that Appellees had committed various crimes, Appellant sought only financial compensation and injunctive relief related to the reputational damage that he had allegedly suffered. We conclude that despite the allegations of criminal misconduct, the gravamen of both

10-101 ("The circuit court is a court of general jurisdiction, and the judge of the circuit court shall administer right and justice according to law, in all cases where the jurisdiction is not conferred upon another tribunal."). The same parties were also involved in both suits. Moreover, although the two complaints are not identical, it is clear that the same set of facts regarding malicious prosecution and defamation related to the Criminal Action were asserted in both the First Complaint and the Second Complaint. *See **Creech v. Addington***, 281 S.W.3d 363, 381 (Tenn. 2009) ("Two suits . . . shall be deemed the same 'cause of action' for purposes of res judicata where they arise out of the same transaction or a series of connected transactions."). Certainly, nothing in Appellant's brief can be fairly read to undermine the trial court's findings as to these elements. The first three elements are therefore clearly met.

Finally, the dismissal of the First Complaint was based on the lack of allegations asserting a cause of action and immunity, resulting in a failure to state a claim upon which relief could be granted. *See **White v. Revco Disc. Drug Ctrs., Inc.***, 33 S.W.3d 713, 718 (Tenn. 2000) (addressing the failure to comply with Rule 8.01 as a basis for a motion to dismiss for failure to state a claim under Rule 12.02(6)). "An order granting a [Tennessee Rule of Civil Procedure] 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted is an adjudication on the merits." ***Boyd v. Prime Focus, Inc.***, 83 S.W.3d 761, 766 (Tenn. Ct. App. 2001) (citing ***Dyer v. Intera Corp.,*** 870 F.2d 1063, 1066 (6th Cir. 1989)). Thus, the judgment dismissing the First Complaint became a final judgment on the merits when Appellant filed no appeal of it on or before January 12, 2023. As such, the final element of res judicata is also met as to Appellant's claims for damages and injunctive relief against Appellees. The trial court therefore did not err in dismissing the Second Complaint on the basis of res judicata. Because res judicata is a sufficient basis for dismissing the complaint against all Appellees, all other issues and arguments are pretermitted.

## IV. CONCLUSION

The judgment of the Davidson County Circuit Court is affirmed, and this cause is remanded to the trial court for further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellant William D. Crowder, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

the First Complaint and the Second Complaint was a tort action against Appellees for their alleged wrongdoing that harmed Appellant.