**Roy L. LACKEY, Plaintiff/Appellant,**

v.

**Elizabeth CARSON, Defendant/Appellee.**

Court of Appeals of Tennessee,
Western Section at Nashville.

March 25, 1994.

Application for Permission to Appeal Denied
by Supreme Court Sept. 6, 1994.

Roy L. Lackey, pro se.

Wallace W. Dietz, Bass, Berry & Sims,
Nashville, for defendant/appellee.

FARMER, Judge.

Appellant, Roy L. Lackey, appeals from the trial court's order dismissing the complaint for failure to state a claim upon which relief can be granted. Rule 12.02(6) T.R.C.P.

■ The complaint alleges that Plaintiff is an inmate in a state penal institution as a result of having entered into a plea bargain involving a charge of sexual offense against the defendant's daughter. The defendant is Plaintiff's former wife. The complaint, consisting of some twenty-eight (28) pages plus exhibits, contains a lengthy recitation of the parties' marital problems and prior litigation. However, the gravamen of the complaint is a civil action alleging that the defendant committed perjury and conspired with others to commit perjury before the parole board when Plaintiff came up for parole. The law in this jurisdiction does not recognize a civil action for perjury or conspiracy to commit perjury. *Medlock v. Ferrari,* 602 S.W.2d 241, 245 (Tenn.App.1979); 20 Tenn.Jur., *Perjury* § 2 (1985).

■ Appellant further contends that the chancellor erred by not allowing him to appear in open court to argue against dismissal. The record before us does not indicate whether or not such was the case. However, since he was incarcerated, we will assume for purpose of his argument that his request was denied. However, whether a complaint states a claim upon which relief can be granted is a test of the sufficiency of the leading pleading. "Nothing said in argument on such a motion can add to or take from the complaint. It must stand or fall upon its allegations unaffected by the approbation of its author or the denunciations of the defense, as expressed in oral argument." *Cornpropst v. Sloan,* 528 S.W.2d 188, 190 (Tenn.1975). The trial court has the authority to dismiss a complaint *sua sponte* in the absence of a motion to dismiss when the complaint fails to state a claim upon which relief may be granted. *Huckeby v. Spangler,* 521 S.W.2d 568 (Tenn.1975). The court should construe the complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true. *Sullivant v. Americana Homes, Inc.,* 605 S.W.2d 246 (Tenn.App.1980).

Appellant has listed additional issues in his brief which we find to be without merit, particularly in view of our affirmance of the chancellor's order of dismissal for failure to state a claim upon which relief may be granted.

The judgment of the trial court is affirmed and the costs of this appeal are taxed to Roy L. Lackey, for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.