IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 24, 2004 Session

## AMANDA CONSTRUCTION, INC. v. CHARLES L. WHITE, ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**No. 110107-1     Walter L. Evans, Chancellor**

**No. W2004-00521-COA-R3-CV - Filed December 1, 2004**

This appeal involves a homeowner's attempt to pierce the corporate veil to reach the shareholders of a construction company. During the course of the litigation, the construction company was administratively dissolved, and the homeowner filed a motion to join as defendants the shareholders, officers, and directors. The trial court granted judgment in favor of the homeowner against the construction company for breach of contract, but denied the homeowner's motion to join the shareholders, officers, and directors. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Felix H. Bean, III, Memphis, Tennessee, for the appellants, Charles L. White and Claudette E. White.

Randall N. Songstad, Memphis, Tennessee, for the appellee, Amanda Construction, Inc.

**OPINION**

*Facts and Procedural History*

In 1996, Amanda Construction, Inc. ("Amanda") and Charles and Claudette White (collectively "the Whites") entered into a contract for the construction of a one-room addition to the Whites' home. Amanda was a closely held corporation in the business of remodeling and renovating residential homes. Amanda's sole shareholders were Sam and Cheryl Grisham. During the construction process, the Whites became dissatisfied with Amanda's work, alleging a number of construction defects, and decided to withhold further payment. Soon thereafter, Amanda filed a complaint against the Whites for breach of contract, seeking money damages and enforcement of its mechanic's and materialmen's lien. Shortly thereafter, the Whites filed a complaint for removal of

Amanda's lien and for damages resulting from the faulty construction. The trial court entered an agreed order consolidating the cases, treating the Whites' complaint as an answer and counter-claim.

The parties agreed to the appointment of a special master to conduct an investigation and prepare a report regarding the allegedly defective construction. The case was tried before the special master who, after visually inspecting the premises and hearing the evidence, filed his report finding numerous defects in the construction of the addition to the Whites' home.

Through responses to interrogatories, the Whites discovered that, during the course of litigation, Amanda was administratively dissolved for failure to file an annual report. In addition, the Whites discovered that Amanda had not maintained a bond, as required for a licensed home improvement contractor under section 62-37-108 of the Tennessee Code.[1] Subsequently, the Whites twice filed motions to substitute the shareholders and officers of Amanda as proper party defendants. On January 30, 2004, the trial court entered an order (1) dismissing Amanda's complaint against the Whites; (2) removing the lien in favor of Amanda against the Whites' property; (3) awarding the Whites a judgment in the amount of $137,844.60; and (4) overruling the Whites' second motion to add the officers, shareholders, and directors of Amanda.

The Whites appealed from the trial court's order and have presented the following issue for our review: whether the trial court erred in failing to permit the Whites to join the officers and directors of Amanda, when Amanda dissolved during the course of litigation without notice to the Whites.

### *Law and Analysis*

As a preliminary matter, the Whites argue that Amanda has sought to avoid its liability in this case by dissolving the corporation during the course of litigation. Section 48-24-105 of the Tennessee Code, however, clearly provides that the dissolution of a corporation does not abate or suspend a proceeding against the corporation. Tenn. Code Ann. § 48-24-105(b)(6) (2002). At the time Amanda was administratively dissolved, the present action was pending in the trial court. Therefore, the judgment against Amanda remains valid despite the fact that the corporation has dissolved.

Turning to the trial court's denial of the Whites' motion to join the shareholders and officers of Amanda, while the Whites' motion is titled Motion to Substitute the Shareholders and Officers as Proper Party Defendants, we perceive it to be a motion to amend the complaint. We note that the record does not contain a proposed amended complain nor is there any indication in the record that

---

[1]Under section 62-37-108, any "home improvement contractor," as defined under section 62-37-103, in applying for a contractor's license, "shall file with the commission a cash, surety, or property bond or an irrevocable letter of credit in the amount of ten thousand dollars ($10,000) for the benefit of any person who is damaged because of the breach of the home improvement contract." Tenn. Code Ann. § 62-37-108(h) (1997). Section 62-37-108(h) further provides that, "[i]f the bond ceases to be in effect, the contractor's license shall become invalid." *Id*.

one was presented to the trial court. However, the Whites' Motion to Substitute the Shareholders and Officers as Proper Party Defendants alleges, as a basis for substituting defendants, the following:

> 1. To permit the shareholders and officers of this corporation to neglect to file an annual report and permit them to walk away from this lawsuit would create a substantial injustice to Charles and Claudette White.
>
> 2. The corporation failed to file an annual report and its charter was revoked by the state of Tennessee while the two officers of the now de facto corporation continue to be in the home construction business.
>
> 3. The corporation was a home contractor within the meaning of Chapter 62 Title 36 of the Tennessee Code and it failed to post a contractor's bond as it was required by law to do.

From all appearances, the Whites' motion to join the shareholders and directors of Amanda was, in effect, an effort to amend its complaint to pierce the corporate veil of Amanda.

Under Tennessee law, there is a strong presumption that a corporation is a distinct legal entity, independent from its directors, officers, and shareholders, and the party seeking to impose personal liability on the directors, officers, and shareholders bears the burden of demonstrating facts sufficient to warrant piercing the corporate veil. *Schlater v. Haynie*, 833 S.W.2d 919, 925 (Tenn. Ct. App. 1991); *Emergicare Consultants, Inc.* v. *Woolbright*, No. W1998-00659-COA-R3-CV, 2000 WL 1897350, at *2 (Tenn. Ct. App. Dec. 29, 2000) *perm. app. denied* (Tenn. 2001). The courts of this state consider several factors when determining whether to pierce the corporate veil, including:

> (1) whether there was a failure to collect paid in capital; (2) whether the corporation was grossly undercapitalized; (3) the nonissuance of stock certificates; (4) the sole ownership of stock by one individual; (5) the use of the same office or business location; (6) the employment of the same employees or attorneys; (7) the use of the corporation as an instrumentality or business conduit for an individual or another corporation; (8) the diversion of corporate assets by or to a stockholder or other entity to the detriment of creditors, or the manipulation of assets and liabilities in another; (9) the use of the corporation as a subterfuge in illegal transactions; (10) the formation and use of the corporation to transfer to it the existing liability of another person or entity; and (11) the failure to maintain arms length relationships among related entities.

*Fed. Deposit Ins. Corp. v. Allen*, 584 F. Supp. 386, 397 (E.D. Tenn. 1984) (citations omitted). No single factor listed above is conclusive, and each case must be decided on its own unique set of facts. *Emergicare Consultants*, 2000 WL 1897350, at *2.

In their brief to this Court, the Whites argue that the trial court should have allowed them to present evidence on the issue of piercing the corporate veil. As previously stated, we believe the Whites' motion to substitute defendants was in essence a motion to amend their complaint, though not titled as such. It appears to this Court, therefore, that the trial court was in effect dismissing *sua sponte* the White's motion for failure to state a claim upon which relief can be granted. *See* Tenn. R. Civ. P 12.02(6) (2004). Tennessee courts have recognized the authority of a trial court to, on its own motion, dismiss a complaint for failure to state a claim upon which relief can be granted. *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975); *Lackey v. Carson*, 886 S.W.2d 232, 232 (Tenn. Ct. App. 1994). We believe that a trial court likewise has the authority to deny a motion to amend a complaint when the proposed amendment fails to state a claim upon which relief can be granted.

In *Trau-Med of America, Inc. v. Allstate Insurance Co.*, 71 S.W.3d 691, 696–97 (Tenn. 2002), the Tennessee Supreme Court restated the standard of review when a trial court grants a motion to dismiss under Rule 12.02(6). *Id.* In *Trau-Med*, the supreme court explained as follows:

> A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion. In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would support relief. Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *White v. Revco Disc. Drug Ctrs., Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000) (citing Tenn. R. Civ. P. 8.01). We review the trial court's legal conclusions *de novo* without giving any presumption of correctness to those conclusions.

*Id.* (citations omitted).

In their motion, the Whites have alleged Amanda's failure to file an annual report and failure to post a contractor's bond as grounds for piercing the corporate veil. They have not alleged that Amanda has engaged in any conduct that would ordinarily warrant disregarding the corporate entity, such as fraudulently disposing of assets, commingling funds, or undercapitalizing the corporation. In fact, the Whites admit in their brief to this Court that Amanda had committed no fraud. A corporate veil will be pierced only under compelling circumstances, such as "where the corporation is created or used for an improper purpose, or where the corporate form has been abused." *Schlater v. Haynie*, 833 S.W.2d 919, 925 (Tenn Ct. App. 1991)(quoting C.J.S. *Corporations*, § 9, pp. 274,

274). Therefore, accepting as true the two allegations pled in the Whites' motion to substitute defendants, we conclude that the facts alleged failed to state a claim for piercing the corporate veil.

### *Conclusion*

For the foregoing reasons, we affirm the trial court's denial of the Whites' motion to join the officers, shareholders, and directors of Amanda. Costs of this appeal are taxed against the appellants, Charles and Claudette White, and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE