IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 21, 2019 Session

## LORING JUSTICE v. KIM NELSON ET AL.

**Appeal from the Circuit Court for Loudon County**
**No. 2017-CV-78          Walter C. Kurtz, Senior Judge[1]**

_____

### No. E2018-02020-COA-R3-CV
_____

Loring Justice and Kim Nelson are the divorced parents of a minor child. They have been in litigation over the child since 2004. This appeal arises from a lawsuit filed by Mr. Justice (plaintiff) against Ms. Nelson, Robert Bodine, and two unidentified co-conspirators (defendants). In his original complaint, plaintiff alleged that defendants were liable for: conspiracy to commit the crime of extortion, intentional infliction of emotional distress, and tortious interference with parental rights. Defendants filed motions to dismiss, which the trial court granted. Exactly thirty days later, plaintiff filed an amended complaint. He alleged additional facts and new causes of action, including: fraud, coercion, attempted tortious interference with parental rights, and violations of the Racketeering Influenced and Corrupt Organization Act. Defendants filed a "response" to the amended complaint. They argued that the court should deny plaintiff leave to amend his original complaint. The court treated defendants' "response" as a motion to dismiss the amended complaint, which the court then granted. We hold that the court erred when it treated defendants' "response" as a motion to dismiss the amended complaint. We also hold that the court failed to provide adequate justification for dismissing the amended complaint sua sponte. Accordingly, we vacate the order of dismissal and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Linn Guerrero, Knoxville, Tennessee, for the appellant, Loring E. Justice.[2]

_____
[1] Sitting by designation.

[2] Mr. Justice, a former attorney, was disbarred during the pendency of this appeal. Prior to his disbarment, Mr. Justice was jointly represented by himself and Ms. Guerrero.

John McFarland, Kingston, Tennessee, for the appellees, Kim Nelson and Robert Bodine.

**OPINION**

**I.**

Plaintiff filed his original complaint on June 1, 2017. Defendants filed motions to dismiss pursuant to Tenn. R. Civ. P. 12.02(6). On May 17, 2018, the trial court entered a memorandum and order granting defendants' motions to dismiss. The memorandum and order carefully explained why plaintiff's complaint failed to state a claim upon which relief can be granted.

Exactly thirty days later, plaintiff filed a "First Amended Complaint." The amended complaint contained additional factual allegations and new causes of action. Defendants filed a "Response in Opposition to Plaintiff's First Amended Complaint." In their "response," defendants set forth the relevant factors a court should consider in deciding whether to grant a motion to amend. *See **Welch v. Thuan***, 882 S.W.2d 792, 793 (Tenn. Ct. App. 1994). Defendants argued that four factors weighed in favor of denying plaintiff leave to amend his original complaint. Defendants concluded by asserting that plaintiff's amended complaint should "be denied and that the Plaintiff be prohibited by the Court, in its discretion, from filing any additional pleadings and/or motions to amend in this case."

On September 4, 2018, the trial court entered an order clarifying that "Mr. Justice filed a First Amended Complaint <u>not</u> a motion to be allowed to file an amended complaint." (Emphasis in original.) The court was reminding defendants that "[a] party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served[.]" *See* Tenn. R. Civ. P. 15.01; *see also **Adams v. Carter Cty. Memorial Hosp.***, 548 S.W.2d 307, 308-09 (Tenn. 1977) (holding that the plaintiff could file an amended complaint as a matter of course after the trial court granted the defendants' motion to dismiss and before that order of dismissal became a final judgment). Despite finding that "[t]here was never a motion to dismiss the amended complaint[,]" the trial court ruled that "[t]he response to the amended complaint reads like a motion to dismiss and the Court will consider it a motion to dismiss." The court also requested additional briefing on the issue.

As requested, both parties submitted briefs. Defendants simply doubled down on their argument that plaintiff "clearly . . . would have to file a Motion to Amend his Complaint that has been dismissed." Their brief failed to address plaintiff's additional factual allegations and new tort claims in any way. Plaintiff's brief argued that defendants waived the opportunity to seek dismissal of the amended complaint because they failed to follow the court's instruction to file a brief in support of a Rule 12.02(6)

motion to dismiss.

On September 28, 2018, the court entered another memorandum and order. After reciting the relevant procedural history, the court stated the following:

> In this 16-page First Amended Complaint[,] Mr. Justice has done his imaginative best to put life back into his 2017 complaint based on this 2012 incident. He has reworded some of his causes of action, injected further detail, and has even gone so far as to add a RICO claim. All this based on what must be described as non-assaultive and all too common incidents between two (2) people engaged in a bitter custody dispute.
>
> The Court has considered this latest complaint and all its asserted claims and reaches the same conclusion it did in its May 17, 2018 *Memorandum and Order*. On these alleged facts there are no viable causes of action in this case.
>
> For the reasons stated above, the motion to dismiss is granted. This case is dismissed and any outstanding court costs are taxed to the Plaintiff.
>
> Any further disagreement with this Court's dismissal should be taken to the Court of Appeals.

(Emphasis in original.) This memorandum and order incorporated by reference the May 17, 2018 memorandum and order dismissing plaintiff's original complaint.

After the court's dismissal of the amended complaint, plaintiff apparently filed two post-dismissal motions.[3] The trial court denied those motions and entered a final judgment on October 29, 2018. Plaintiff timely appealed.

## II.

Plaintiff raises several issues in this appeal. In our judgment, the dispositive issues are: (1) whether the trial court erred by treating defendants' "response" to plaintiff's amended complaint as a motion to dismiss; and, if the court did err, (2) whether the court failed to provide adequate justification for dismissing the amended

---

[3] These motions are not included in the appellate record. Plaintiff attached one motion as an appendix to his appellate brief, but that is not the appropriate way to supplement the record. *See* Tenn. R. App. P. 24(e); ***Jennings v. Sewell-Allen Piggly Wiggly***, 173 S.W.3d 710, 712 (Tenn. 2005).

complaint sua sponte.

## III.

The issues raised in this appeal require us to interpret the Tennessee Rules of Civil Procedure. Accordingly, our review is de novo with no presumption of correctness. *See* ***Turner v. Turner***, 473 S.W.3d 257, 268 (Tenn. 2015). "Furthermore, when interpreting our own rules of civil procedure, we consult and are guided by the interpretation that has been applied to comparable federal rules of procedure." ***Id.*** (citations omitted). We have previously explained "that Tenn. R. Civ. P. 12.02(6) is based upon Fed. R. Civ. P. 12(b)(6)[.]" ***Boyd v. Bruce***, No. M2000-03211-COA-R3-CV, 2001 WL 1346264, at \*5 (Tenn. Ct. App., filed Nov. 2, 2001) (citing ***Dyer v. Itnera Corp.***, 870 F.2d 1063, 1066 (6th Cir. 1989)), *perm. app. denied* (Tenn. Feb. 11, 2002).

## IV.

The first issue is whether the trial court erred by treating defendants' "response" to plaintiff's amended complaint as a motion to dismiss. We approach this issue with the following principles in mind:

> The Tennessee Rules of Civil Procedure are designed to simplify and ease the technicalities of the old common law forms of pleading. ***Branch v. Warren***, 527 S.W.2d 89, 91 (Tenn. 1975). Tenn. R. Civ. P. 8.05(1) states that "[n]o technical forms of pleading or motions are required." Likewise, Tenn. R. Civ. P. 8.06 states that "all pleadings shall be so construed as to do substantial justice" and Tenn. R. Civ. P. 1 states that "[t]hese rules shall be construed to secure the just, speedy and inexpensive determination of every action."
>
> In light of these rules, courts now give effect to the substance of pleadings and motions rather than to their terminology or form. ***Bemis Co. v. Hines***, 585 S.W.2d 574, 576 (Tenn. 1979); ***Usrey v. Lewis***, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977). However, pleadings and motions must still adequately inform the court and the parties of what they seek. Thus, Tenn. R. Civ. P. 7.02(1) provides that a motion "shall state with particularity the grounds therefor, and shall set forth the relief or order sought," and Tenn. R. Civ. P. 8.05(1) requires that "[e]ach averment of a pleading shall be simple, concise and direct." [4]

---

[4] In a footnote, the Court observed that "Tenn. R. Civ. P. 8's requirements concerning the form of

- 4 -

***Anderson v. DTB Corp.***, No. 89-172-11, 1990 WL 33380, at *2 (Tenn. Ct. App., filed Mar. 28, 1990).

Here, defendants filed a "Response in Opposition to Plaintiff's First Amended Complaint." Neither the title nor the body of defendants' "response" states that it is a motion to dismiss filed pursuant to Tenn. R. Civ. P. 12.02(6). Instead, defendants identified six relevant factors that a court should consider in deciding whether to grant a motion to amend. ***Welch***, 882 S.W.2d at 793. Then, defendants argued that four factors weighed in favor of denying plaintiff leave to amend. Defendants concluded by asserting that the amended complaint should "be denied and that the Plaintiff be prohibited by the Court, in its discretion, from filing any additional pleadings and/or motions to amend in this case." Defendants' response, in form and substance, is clearly a request to deny plaintiff leave to amend his original complaint.

In their appellate brief, defendants attempt to reframe the issue. Relying on ***Norton v. Everhart***, 895 S.W.2d 317, 319 (Tenn. 1995), defendants argue that trial courts should dispose of a motion according to "the relief sought" not necessarily the "substance" of the motion. That is a distinction without a difference. The "substance" *and* "the relief sought" by defendants' response is the denial of a non-existent motion for leave to amend – not the dismissal of plaintiff's amended complaint.

Defendants also point out that their response contains a few sentences suggesting that the amended complaint fails to state a claim upon which relief can be granted. That is true. In context, however, those statements were made in furtherance of the defendants' position that the court should deny plaintiff leave to amend. Defendants never attempted to explain *why* the amended complaint failed to state a claim upon which relief can be granted.

Even if defendants' response could be construed as a motion to dismiss, their response does not "state with particularity the grounds [for granting a motion to dismiss]," as required by Tenn. R. Civ. P. 7.02(1). Defendants did not refer to *any* of the new factual allegations or tort claims raised in the amended complaint. At most, defendants' response contains three vague assertions that the amended complaint failed to state a claim upon which relief can be granted.

To its credit, the trial court recognized these deficiencies. That is why the court requested additional briefing. But this is problematic for two reasons. First, the Supreme Court has ruled that "[i]ncluding the grounds for a Rule 12.02(6) motion in a separate memorandum of law does not comply with Rule 7.02(1)." ***Willis v. Tenn. Dept. of Corr.***,

---

pleadings are applicable to motions by virtue of Tenn. R. Civ. P. 7.02."

113 S.W.3d 706, 709 n.2 (Tenn. 2003).[5] Second, the Supreme Court has ruled that trial briefs, including memoranda of law filed in support of a motion to dismiss, are ordinarily excluded from the appellate record pursuant to Tenn. R. App. P. 24(a).[6] *Id.* Even considering defendants' trial brief, however, defendants still failed to "state with particularity the grounds [for granting a motion to dismiss]." As previously discussed, defendants' brief simply doubled down on the argument that the court should deny plaintiff leave to amend.

In sum, the trial court erroneously treated defendants' response to the amended complaint as a motion to dismiss. Even if the response could be construed as a motion to dismiss, the response failed to satisfy the basic requirements of Tenn. R. Civ. P. 7.02(1), whether considered in isolation or in combination with defendants' trial brief.

**V.**

If defendants never filed a motion to dismiss, the question then becomes whether the trial court erred when it subsequently dismissed the amended complaint sua sponte.

In *Huckeby v. Spangler*, the Supreme Court ruled that trial courts have the authority to dismiss a complaint sua sponte, "although such practice is not to be encouraged." 521 S.W.2d 568, 571 (Tenn. 1975). This holding has been reaffirmed several times. *E.g.*, *Burt v. MacTavish*, No. E2012–01293–COA–R3–CV, 2013 WL 3198147, at *3 n.1 (Tenn. Ct. App., filed June 21, 2013); *Wicks v. Vanderbilt Univ.*, No. M2006-00613-COA-R3-CV, 2007 WL 858780, at *14 (Tenn. Ct. App., filed Mar. 21, 2007); *Decker v. Carroll Academy*, No. 02A01-9709-CV-00242, 1999 WL 332705, at *3 (Tenn. Ct. App., filed May 26, 1999); *Lackey v. Carson*, 886 S.W.2d 232, 232 (Tenn. Ct. App. 1994), *perm. app. denied* (Tenn. Sept. 6, 1994).

In *Carnett v. PNC Bank, NA*, we emphasized the limits of a trial court's authority to dismiss a complaint sua sponte. No. W2015-01677-COA-R3-CV, 2016 WL 402495, at *5-6 (Tenn. Ct. App., filed Feb. 2, 2016), *no appl. perm. filed*. In that case, we expressed concern that "the trial court offered no reasoning illuminating its decision to

---

[5] In some cases, our courts have considered the merits of a motion to dismiss despite a party's noncompliance with Tenn. R. Civ. P. 7.02(1). *See* *Allen v. Ozment*, No. W2017-00887-COA-R3-CV, 2018 WL 6169238, at *6 (Tenn. Ct. App., filed Nov. 26, 2018) (compiling cases), *perm. app. denied* (Tenn. May 17, 2019). In those cases, unlike this one, the defendants *actually filed* a motion to dismiss.

[6] In some cases, our courts have considered trial briefs despite a party's noncompliance with Tenn. R. App. P. 24(a). *E.g.*, *Abdur'Rahman v. Parker*, 558 S.W.3d 606, 621 (Tenn. 2018) (citing *Flax v. DaimlerChrysler Corp.*, 272 S.W.3d 521, 541 (Tenn. 2008)); *Shomo v. City of Franklin*, No. M2006-00319-COA-R3-CV, 2008 WL 490646, at *4-5 (Tenn. Ct. App., filed Feb. 22, 2008), *perm. app. denied* (Tenn. Oct. 6, 2008).

dismiss the complaint." *Id.* at *5. We acknowledged that not all forms of dismissal expressly require that the trial court make findings of fact and/or conclusions of law." *Id.* at *6. Nevertheless, we insisted that "[t]he trial court's burden . . . is much higher when dismissing a complaint sua sponte." [7] *Id.* "Given the sparse record in [that] case, and respectfully, the even sparser state of the trial court's order, we [could not] conclude that the trial court's order provide[d] appropriate justification for the sua sponte dismissal in [that] case." *Id.* Accordingly, we vacated the order of dismissal and remanded for further proceedings. *Id.*

*Carnett* may be the only decision in which this Court has vacated a trial court's order of dismissal because the order failed to explain why the court was dismissing a complaint sua sponte. Notably, however, multiple federal courts have adopted a similar rule. For example, in the Sixth Circuit,

> a district court faced with a complaint which it believes may be subject to dismissal must: (1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal; (4) give the defendant a chance to respond or file an answer or motions; *and (5) if the claim is dismissed, state its reasons for the dismissal*.

*Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983) (emphasis added), *overruled in part as stated in Wagenknecht v. United States*, 533 F.3d 412, 417 n.4 (6th Cir. 2008) (holding that the *Tingler* framework applies in all cases, except those arising under The Prison Litigation Act); *see also Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 22 (1st Cir. 2014) (holding that the district court's "sua sponte dismissal of [plaintiff's] claims, without explanation or notice, was error."); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (citing 5a Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 301 (2d ed.1990) (holding that district judges only have the authority to dismiss a complaint sua sponte when "the procedure employed is fair to the parties.").

We agree with the reasoning of this Court's decision in *Carnett*, and with the reasoning of the federal courts cited above. "Dismissal is a harsh sanction." *Carnett*, 2016 WL 402495, at *5 (quoting *Holt v. Webster*, 638 S.W.2d 391, 394 (Tenn. Ct. App.

---

[7] The last sentence of Tenn. R. Civ. P. 52.01 relieves the trial court of its responsibility to make specific findings of fact and conclusions of law when ruling on "*motions* under Rules 12 or 56 or any other *motion* except as provided in Rules 41.02 and 65.04(6)." (Emphasis added.) The rule does not, however, absolve the trial court of its responsibility to make specific findings of fact and conclusions of law when entering an order of dismissal *in the absence of a motion*.

1982)).  Although "sua sponte dismissals are authorized by Tennessee law, trial courts must have ample justification in taking such a rare and drastic step."  *Id.* at *6 (citations omitted).  When a court decides to dismiss a complaint sua sponte, the court must utilize a procedure that is fair to the parties.  At a minimum, the court must state the reasons for the dismissal in its order.

In this case, the trial court dismissed plaintiff's amended complaint sua sponte without utilizing a procedure that was fair to the parties.  Although the court indicated its willingness to dismiss the amended complaint and allowed both sides to file briefs on the issue, the court's order did not provide adequate justification for the sua sponte dismissal.  The court acknowledged that plaintiff's amended complaint included new factual allegations and new causes of actions, but the court dismissed them without explanation:

> The Court has considered this latest complaint and all its asserted claims and reaches the same conclusion it did in its May 17, 2018 Memorandum and Order.  On these alleged facts there are no viable causes of action in this case.

Although the court incorporated by reference its memorandum and order dismissing the original complaint, that memorandum and order could not possibly explain the court's reasoning for dismissing newly-asserted causes of action.  Because the court failed to provide adequate justification for dismissing the amended complaint sua sponte, we vacate the judgment of the trial court and remand for further proceedings.

Although we understand the trial court's frustration with "[t]his intractable case," we hope our decision will underscore important legal principles.  First, the Tennessee Rules of Civil Procedure exalt substance over form, but they do not allow trial courts to change the substance of a pleading or motion in order to achieve a desired outcome.  Although we construe pleadings and motions liberally, parties must still abide by the particularity requirement of Tenn. R. Civ. P. 7.02(1).  Second, trial courts must utilize a procedure that is fair to the parties when taking the drastic step of dismissing a complaint sua sponte.  At a minimum, this requires trial courts to explain the reason for dismissing a complaint sua sponte.

## VI.

We vacate the trial court's order dismissing plaintiff's amended complaint.  The case is remanded for further proceedings.  Costs on appeal are taxed to the defendants, Kim Nelson and Robert Bodine.

_____
CHARLES D. SUSANO, JR., JUDGE